## EL PUEBLO v. BIRRIER ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda.

No. 410.—Resuelto en abril 17, 1912.

DERECHO PENAL—ADULTERIO—DENUNCIA SUFICIENTE—LUGAR DONDE SE COMETIÓ EL DELITO.—Examinada la denuncia presentada en este caso, el tribunal resolvió que era suficiente porque se alegaba que el delito fué perpetrado en una casa del barrio de Hato Rey, del pueblo de Río Piedras, término judicial municipal de la Carolina, dentro por tanto de la jurisdicción de la Corte de Distrito de San Juan, quedando, por consiguiente, perfectamente establecida la jurisdicción de la corte que falló la causa, sin que se demostrara que los apelantes sufrieran perjuicio alguno a los efectos de su defensa por la falta de una descripción más específica del lugar en donde se les imputó que habían realizado el acto delictivo.

ID.—ADULTERIO—CONOCIMIENTO DE QUE ES CASADA LA PERSONA CON QUIEN SE COMETIÓ EL ADULTERIO.—En los artículos 269 y 270 del Código Penal vigente en Puerto Rico, no se hace parte expresa de la definición del delito de adulterio, el hecho de que el hombre o la mujer soltera tenga conocimiento de que son casados la mujer y el hombre con quienes yacen y en tal virtud no es necesario consignar en el acta de acusación la existencia de tal conocimiento.

ID.—DESCRIPCIÓN DEL DELITO—ACUSACIÓN SUFICIENTE.—Generalmente una acusasación es suficiente cuando sigue los términos en que está redactado el estatuto.

ID.—ADULTERIO—SOLTERO—DEFENSA.—Cuando las circunstancias del caso fueren tales que pudieran inducir al hombre soltero o a la mujer soltera a realizar el acto con la persona casada, en la creencia real y positiva de que tal per-

sona no estaba ligada a otra por el vínculo del matrimonio, entonces tal hecho puede ser alegado como defensa por la parte a quien favorece.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José de J. Estévez.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un caso de adulterio. La denuncia, en lo pertinente, dice así:

"Yo, Rafael Tirado, vecino de Río Grande del barrio "Fortuje" Núm., de 35 años, formulo denuncia contra los arriba citados por el delito "Adulterio" cometido de la manera siguiente: que en 2 de noviembre, 1911, hora 2 a. m. y en el barrio Hato Rey de este pueblo, del Distrito Judicial Municipal de Carolina, dichos acusados voluntariamente tenían comercio carnal en una habitación de una casa del barrio de Hato Rey. Siendo este hecho contrario a la ley y para tal caso previsto y penado en el Código Penal vigente, lo pongo ante vuestro honor para los fines de justicia. Hago saber a vuestro honor que dicha Isabel Peraza es casada con el suscribiente y tiene cuatro hijos."

Celebrado el juicio, la Corte de Distrito de San Juan, Sección Segunda, dictó sentencia el 22 de diciembre de 1911 declarando culpables a los dos acusados e imponiéndoles a cada uno la pena de cien pesos de multa.

Los condenados apelaron para ante esta Corte Suprema y la vista del recurso se celebró el 8 de febrero de 1912. No existe pliego de excepciones ni relación de hechos, pero el abogado de los acusados compareció en el acto de la vista y por escrito y oralmente alegó:

1°., que la denuncia era insuficiente en su totalidad porque en ella no se especificaba concretamente el lugar donde se cometió el delito, y

2°., que la denuncia era insuficiente por los menos en cuanto al acusado Birrier, porque en ella no se alegaba que Birrier supiera que Isabel Peraza era casada.

El delito de adulterio ha sido castigado con severidad en

casi todos los pueblos. En muchos de ellos, en la antigüedad, se imponía a los culpables la pena de muerte. En España el Fuero Juzgo ordenaba la entrega de los dos adúlteros a disposición del marido. Las Leyes de Partidas imponían a la mujer adúltera la pena de azotes públicos y reclusión en un monasterio de dueñas con pérdida de la dote, arras y bienes gananciales a favor del marido y al cómplice o que adulteró con ella, la pena de muerte. (Ley 15, tít. 17, part. 7.) La ley 1, título 21 del Ordenamiento de Alcalá, que es la 2, título 28, libro 12 de la Novísima Recopilación, dió facultad al marido para matar a los adúlteros sorprendiéndolos en el mismo acto o *in fraganti,* con tal que al mismo tiempo quitase la vida a los dos. El artículo 437 del Código Penal que anteriormente regía en Puerto Rico prescribía, que el marido que sorprendiendo en adulterio a su mujer matara en el acto a ésta o al adúltero, sólo fuera castigado con la pena de destierro.

Otras disposiciones contienen los antiguos y los modernos Códigos Españoles sobre este delito y el Código Penal que hemos citado, lo definía así, en su artículo 447: "Cometen adulterio la mujer casada que yace con varón que no sea su marido y el que yace con ella, sabiendo que es casada, aunque después se declare nulo el matrimonio," y lo castigaba imponiendo a los culpables la pena de prisión correccional. El hombre casado era castigado según dicho Código sólo en el caso de que tuviera manceba dentro de la casa conyugal o fuera de ella con escándalo.

Esta diferencia entre el adulterio cometido por la mujer casada y el cometido por el hombre casado, a favor del hombre, también existía en el Código Civil Español en cuanto a las causas determinantes del divorcio.

Durante la soberanía americana tal diferencia ha sido abolida, y el hombre casado y la mujer casada que cometen adulterio son juzgados y castigados de igual modo. (Véanse la sección 8 de nuestra Ley Orgánica, el artículo 164 del Código Civil Revisado y los arts. 269 y 270 del Código Penal vigente.)

Otra innovación fundamental también hecha durante la

soberanía americana, ha sido la de que el delito de adulterio sea perseguido lo mismo que cualquier otro delito público. Según los artículos 449 y 452 del Código Penal vigente anteriormente, sólo a virtud de querella de la parte agraviada, podía imponerse pena a los culpables.

Adulterio, por la ley común, es el comercio carnal con la esposa de otro hombre . La mujer debe ser casada; ella debe ser la esposa de otro hombre; y cualquier hombre, casado o soltero, que tenga comercio ilícito con ella, es culpable de adulterio. La ley común sólo consideraba al adulterio por el hecho de que tendía a exponer a un marido inocente a mantener los hijos de otro hombre y a que tales hijos se convirtieran en sus herederos. De aquí que el adulterio se limitó al comercio criminal con una mujer casada. El contacto carnal de un hombre casado con una mujer soltera, no hacía por la ley común, culpable al hombre de adulterio. Por la ley canónica o eclesiástica el adulterio era la conexión sexual entre un hombre y una mujer, de los cuales uno al menos estaba legalmente unido a una tercera persona por los vínculos del matrimonio. La ley eclesiástica consideraba al adulterio como un pecado que se cometía fuera de las relaciones matrimoniales. Y como una violación de los votos del matrimonio era igualmente grande lo mismo si el ofensor era hombre o mujer. De aquí que la ofensa tenía límites más amplios que en la ley común y era cometida por un hombre casado al tener contacto con una mujer soltera. (1 Am. and Eng. Enc. Law, p. 747; *Bashford* v. *Wells,* Kan., 96 Pac. 663; 18 L. R. A., 580.)

Los estatutos de los diferentes estados de la Unión Americana, varían en la apreciación que hacen de este delito. Así en California, por ejemplo, el adulterio simple no es un delito público. Es necesario que los autores vivan notoriamente como marido y mujer, para que se les pueda castigar. (Ex parte Thomas, 103 Cal., 497; *People* v. *Gates,* 46 Cal., 52.) En Massachussets, a juzgar por el caso de *Commonwealth* v. *Coll,* reportado en 32 Am. Dec., 284, el estatuto es similar al de Puerto Rico y el simple adulterio es un delito público.

Expuestos los precedentes legales que anteceden con respecto a este delito, procederemos a estudiar y a resolver las dos cuestiones suscitadas por los apelantes.

En cuanto a la designación del lugar en donde se cometió el delito, la denuncia es suficiente. En ella se expresa que se perpetró en una habitación de una casa del barrio de Hato Rey, del pueblo de Río Piedras, término judicial municipal de la Carolina, dentro, por tanto, de la jurisdicción de la Corte de Distrito de San Juan. La jurisdicción de la corte quedó, pues, perfectamente establecida y no se ha demostrado que los apelantes sufrieran perjuicio alguno a los efectos de su defensa por la falta de una más específica designación del lugar en donde se les imputó que habían realizado el acto delictivo.

Refiriéndose a los requisitos que deben contener las denuncias y acusaciones en casos de adulterio, dice Cyc. lo que sigue: "Si bien no es necesario alegar el sitio determinado en el condado en que el acto se realizó, debe, sin embargo, resultar de la prueba que éste se encontraba comprendido en la jurisdicción de la corte." (1 Cyc. 957.)

Y en cuanto a si es necesario alegar expresamente en el acta de acusación, para que sea considerado como autor del delito de adulterio, que el hombre que yació con la mujer casada sabía que era casada, diremos que es una cuestión que debe resolverse de acuerdo con los términos en que esté redactada la ley aplicable. (1 Cyc. 958.)

La ley vigente en Puerto Rico sobre la materia, está contenida en los artículos 269 y 270 del Código Penal, que copiados a la letra dicen así:

"Artículo 269.—Toda persona casada que voluntariamente tuviere comercio carnal con persona que no fuere su cónyuge incurrirá en adulterio, y será castigada con multa máxima de dos mil dollars. o cárcel que no excederá de cinco años ni será menor de un año.

"Art. 270.—El proceso por delito de adulterio se instruirá dentro del año de haberse cometido el delito, o de haber llegado éste a conocimiento de la parte actora. Si el delito de adulterio se cometiere entre

una mujer casada y un soltero, o un hombre casado y una mujer soltera, el hombre soltero o la mujer soltera, incurrirá en el delito de adulterio, y sufrirá el castigo correspondiente.''

Como puede verse, en dichos artículos no se hace parte expresa de la definición del delito, el hecho de que el hombre o la mujer soltera tengan conocimiento de que son casados la mujer o el hombre con quienes yacen, y en tal virtud, no es necesario consignar expresamente en el acta de acusación la existencia de tal conocimiento. Generalmente una acusación es suficiente cuando sigue los términos en que está redactado el estatuto.

Los delitos creados por la ley, pueden ser imputados usando las palabras de la ley, por regla general. (Véase el caso de *State* v. *Campbell,* procedente de Texas, y reportado en 94 Am. Dec., 251, y la nota que comienza en la pág. 252.)

El delito de adulterio existe desde el momento en que una persona casada yace voluntariamente con otra persona que no fuere su cónyuge. Este hecho se imputa con toda claridad en la denuncia que es base de esta causa. En ella se consigna que Isabel Peraza es casada con el denunciante y tiene cuatro hijos, y que Bernardo Birrier e Isabel Peraza tuvieron comercio carnal voluntariamente.

La ley castiga también como reo de adulterio a la persona soltera que realice el acto carnal con la persona casada.

Ahora bién, si las circunstancias del caso fueren tales que hubieran sido suficientes para inducir al hombre soltero o a la mujer soltera a realizar el acto con la persona casada en la creencia real y positiva de que tal persona no estaba ligada a otra por el vínculo del matrimonio, entonces tal hecho puede ser alegado como defensa por la parte a quien favorece. De otro modo, basta imputar en la acusación y probar en el juicio el contacto carnal voluntario entre dos personas una de las cuales al menos es casada, para que se entienda perpetrado el delito de adulterio y deba imponerse el castigo que la ley señala a los dos culpables.

Por las razones expuestas, el recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.