EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CHARLES MILLER LYN, acusado y apelante.

Núm. 6213.—*Sometido:* Enero 20, 1937.—*Resuelto:* Enero 25, 1937.

*J. Valldejuli Rodríguez,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Travieso, emitió la opinión del tribunal.

Charles Miller Lyn, chófer, fué acusado por infracción del artículo 328 del Código Penal. En la denuncia se alega:

". . . Que en 3 de enero, 9 F. M., de 1936, y en la carretera núm. 2, Km. 165, Hect. 2, Rincón, dentro del Distrito Judicial Municipal de Añasco, P. R., que forma parte del Distrito Judicial de Aguadilla, P. R., el acusado Charles Miller Lyn, allí y entonces, ilegal, maliciosa y voluntariamente, en momentos que guiaba como *chauffeur* el auto-truck núm. H. 111, propiedad de la FERA, por descuido inexcusable y negligencia temeraria conducía dicho truck por el centro de la carretera y a una velocidad exagerada mayor de 48 kms. por hora, dando lugar a que por estas faltas de precaución fuera a chocar con el automóvil núm. P–1002, propiedad de la Sra. Josefa Ramos, resultando del choque el truck con desperfectos y el automóvil con el lado izquierdo completamente destrozado, el *chauffeur* Miller Lyn con fuertes contusiones en el pecho, el *chauffeur* Jorge Díaz, que guiaba el auto P–1002, con fuertes contusiones en distintas partes del cuerpo, etc."

Se alega además que otras personas que viajaban en el auto P–1002 sufrieron heridas y contusiones de mayor o menor importancia.

El acusado fué condenado por la Corte Municipal de Añasco, apeló para ante la Corte de Distrito de Aguadilla, y ésta le condenó a pagar una multa de $60 y las costas. El acusado interpuso el presente recurso y lo basa en la comisión de los siguientes errores:

1. *Que la Corte de Distrito de Aguadilla no tenía jurisdicción para conocer del caso.*

Alega el apelante que en la denuncia se dice que el sitio donde se cometió el delito está dentro del Distrito Judicial Municipal de Añasco, y que éste forma parte del Distrito Judicial de Aguadilla, cuando la cierto es que Añasco forma parte del Distrito Judicial de Mayagüez, siendo la Corte de Distrito de Mayagüez la que debió conocer del caso.

El error señalado carece de fundamento. En primer lugar, según aparece de su propio alegato, fué el mismo apelante quien interpuso su apelación para ante la Corte de Distrito de Aguadilla. Eso no sería, desde luego, causa suficiente para desestimar el error, toda vez que la jurisdicción no puede conferirse por la sumisión de las partes, pero no parece ser demostración de buena fe el acto de radicar una apelación ante una corte que el apelante cree no tiene jurisdicción sobre el caso, para después al resultar adversa la sentencia, negar la jurisdicción de la corte para dictarla.

El sitio de la comisión del delito, o sea ''la carretera núm. 2, Km. 165, hectómetro 2, Rincón'', está dentro de la jurisdicción del Distrito Judicial de Aguadilla.

El artículo 1181 de los Estatutos Revisados, Edición de 1911, que se refiere a la creación de los distritos judiciales municipales de la Isla, en lo pertinente dice:

'' . . . Y dichos Distritos Municipales serán constituídos como sigue:
''.      .      .      .      .      .      .      .      .      .
Distrito Judicial de Aguadilla. . . Distrito No. 11, Añasco y Rincón; capital en Añasco.''

De acuerdo con dicho artículo, los casos de *misdemeanors* cometidos en Añasco o en Rincón, deben verse ante la Corte Municipal de Añasco, como se vió el caso de autos.

El artículo 1148 de los mismos Estatutos Revisados, divide el territorio de Puerto Rico en siete distritos judiciales, y provee:

'' . . . *Disponiéndose,* que dichos Distritos Judiciales comprenderán en lo sucesivo los siguientes términos municipales . . . . El Distrito de Aguadilla comprenderá la ciudad de su nombre y los municipios de Aguada, *Rincón*, Isabela, Moca, San Sebastián y Lares. El Distrito de Mayagüez comprenderá la ciudad de su nombre y los municipios de Cabo Rojo, *Añasco*, Lajas, Maricao, Las Marías, San Germán y Sabana Grande.'' . . . (Subrayado nuestro.)

Habiéndose cometido el delito imputado al acusado, según se alega en la acusación y sostiene la prueba, dentro,

de los límites del Municipio de Rincón, la apelación para ante la Corte de Distrito de Aguadilla, que comprende a dicho municipio dentro de su jurisdicción, fué correctamente interpuesta. Debemos, por tanto, desestimar el error señalado y sostener la jurisdicción de la corte sentenciadora. Véase: *El Pueblo* v. *Rodríguez*, 48 D.P.R. 8.

2. *Que no se identificó ni conectó en ninguna forma ante el Tribunal. de Aguadilla este proceso con la persona del acusado.*

El apelante no ha elevado ante esta corte una transcripción de evidencia que nos ponga en condiciones de poder considerar el alegado error. Y eso debería bastar para la desestimación de cualquier error relacionado con la suficiencia de la prueba.

La sentencia dictada por la corte de distrito, que aparece en la transcripción de autos, hace constar que el chófer Jorge Díaz, que guiaba el carro contra el cual chocó el *truck* del acusado, declaró que conocía al acusado desde el día del accidente; y que el truck H–111, que ocasionó el choque, iba. guiado por el acusado.

Opinamos que el acusado fué suficientemente identificado y conectado con la comisión del delito que se le imputa, y que; la corte inferior no cometió el error señalado.

3. *Que los hechos expuestos en la denuncia no constituyen el delito de infracción del Artículo 328 del Código Penal ni ningún otro delito.*

Este error debe ser desestimado por frívolo. La denuncia sigue prácticamente el lenguaje del estatuto y es suficiente para informar al acusado sobre la naturaleza del delito imputádole. Y eso es todo lo que la ley requiere. Véase: *El Pueblo* v. *Pagán*, 49 D.P.R. 436.

*Debe confirmarse y se confirma la sentencia apelada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intevinieron.