El Pueblo de Puerto Rico, demandante y apelado, *v.* José Antonio Ríos, acusado y apelante.

Núm. 7715.—*Sometido:* Junio 13, 1939. *Resuelto:* Julio 29, 1939.

*Benjamín Ortiz,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

José Antonio Ríos fué sentenciado por la Corte de Distrito de Humacao por infracción al artículo 328 del Código Penal a la pena de tres meses de cárcel y $200 de multa y las costas. No conforme con dicha sentencia, apeló para ante este tribunal.

La denuncia, en lo pertinente, dice así:

"Yo, Julio Vélez, P. I. núm. 67,_____formulo denuncia contra José Antonio Ríos por delito infracción artículo 328 del Código Penal (enmendado) cometido de la manera siguiente: Que en 25 de septiembre_____de 1938, y en el sitio_____que forma parte del Distrito Judicial de Humacao, P. R., el mencionado acusado_____allí y entonces de manera ilegal, voluntaria y maliciosamente y siendo conductor del *truck* núm. H-741, que es un vehículo de motor, propiedad de Faustino Fernández, de Naguabo, mientras guiaba el mismo por el mencionado camino público, por impericia, negligencia y descuido, *consistentes en que no pudiendo controlar dicho vehículo* lo guiaba dando zigzags por el camino, y por tal motivo lo hizo chocar con el automóvil núm. P-2025, propiedad de José Márquez, guiado por Pascual Rodríguez Marrero, resultando a consecuencias del choque heridos de gravedad...etc."

El artículo 328 del Código Penal que se alega infringido, según fué enmendado por la Ley (núm. 51) de 13 de abril de 1916 (pág. 108), en lo pertinente dice así:

"Todo conductor, maquinista, . . . u otra persona encargada del todo o en parte de cualquier vagón, . . . automóvil . . . , que por

imprudencia temeraria (*gross negligence*) o descuido lo dejase o hiciese chocar con otro vagón, locomotora . . . o cualquier o'tro objeto o cosa, ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años.

"Si como consecuencia del choque resultase daño para alguna persona, dicho conductor . . . incurrirá en pena de cárcel por un término máximo de dos años o multa máxima de $2,000, o ambas penas a discreción de la corte."

Examinada la denuncia en este caso formulada, encontramos que la misma no aduce hechos constitutivos del delito que se imputa al acusado. Es un elemento esencial de este delito el que la muerte o daño a la persona, en su caso, haya sido causado por la negligencia temeraria (*gross negligence*) del acusado, y en el caso que nos ocupa, el elemento de negligencia queda completamente excluído, pues como se alega en la denuncia, la alegada negligencia o descuido del acusado consistió en que no pudiendo controlar el vehículo, lo guiaba dando zigzags, etc. Aceptando como ciertos los hechos alegados en la denuncia, tendremos que concluir que no se imputa negligencia al acusado, pues si él no pudo controlar su vehículo, estaba fuera de su alcance el evitar los referidos zigzags que causaron el daño, y no pudiendo él evitarlos, no puede sostenerse que actuó negligentemente.

En Derecho Penal, una denuncia o acusación que no aduce hechos constitutivos de delito público no queda subsanada por la prueba como sucede en los casos civiles en relación con la insuficiencia de las demandas. 14 R.C.L. 211, sección 55, y casos citados. Al mismo efecto se dice en el caso de *State* v. *Toliver*, 20 A.L.R. 502, 504:

"Una acusación puede ser defectuosa por omitirse algún elemento del delito que se trata de imputar. El contestar la acusación y entrar a juicio en tal caso no constituye una renuncia a atacar el defecto. Si se trajese un veredicto de ·culpable, la sentencia puede ser dejada sin efecto (*arrested*) a moción del acusado o *por la corte de su propia iniciativa,* basándose en que la acusación no alega suficientes hechos constitutivos de delito público."

Llegando a la conclusión a que hemos llegado al efecto de que la denuncia de este caso no aduce hechos constitutivos del delito que se trató de imputar al acusado, *procede declarar con lugar el recurso, revocar la sentencia apelada y absolver libremente al acusado.*

. El Juez Asociado Sr. Wolf disintió. *

El Juez Asociado Sr. Travieso no intervino.