EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ RAMÓN ORTIZ, (*a*) GOLDEN FLINT, acusado y apelante.

Núm. 9345. *Sometido:* Junio 2, 1942. *Resuelto:* Junio 9, 1942.

*José R. Fournier*, abogado del apelante; *Hon. Procurador General George A. Malcolm, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR. emitió la opinión del tribunal.

Este caso se inició en la Corte Municipal de Bayamón a virtud de una denuncia que dice así:

"Que en 30 de marzo de 1941 y en el Km. 2–5 de la Carretera de Cataño a Palo Seco, barrio Palmas, dentro del Distrito Judicial Municipal de Bayamón, P. R., que forma parte del Distrito Judicial de Bayamón, P. R., el referido acusado José Ramón Ortiz, alias *'Golden Flint'* allí y entonces, de una manera ilegal y voluntariamente violó las disposiciones del artículo 328 del Código Penal, según fué enmendado por la Ley Núm. 51 aprobada en 13 de abril de 1916, porque mientras manejaba como *chauffeur* y dueño el automóvil licencia Núm. P–633, lo hizo con tal descuido, imprudencia temeraria e impericia que lo dejó chocar con el camión GMC tablillas Núm. 1543 U. S. que estaba parado a la derecha, resultando como consecuencia del choque las siguientes personas heridas: José Isabelo Boria con múltiples heridas en la región frontal y fuerte golpe en el tórax; Ramón Montañez Román con fractura del tercio inferior brazo izquierdo; Martín Calero con contusión de la pierna derecha y el acusado con herida en la frente."

Visto el caso, el acusado fué declarado culpable tanto por dicha corte como por la Corte de Distrito de Bayamón en grado de apelación, y en este recurso alega que la corte inferior erró al declarar sin lugar la excepción perentoria presentada por el acusado, y al dictar sentencia contraria a la prueba y a la ley.

Al discutir el primer error el apelante lo divide en dos, a saber: 1, que la denuncia no imputa delito alguno al acusado; y 2, que no se alega en forma correcta la jurisdicción de la corte.

■ En cuanto al primer aspecto, vistos los casos de *El Pueblo* v. *Pagán,* 49 D.P.R. 436, y *El Pueblo* v. *Miller,* 50 D.P.R. 846, somos de opinión que usándose en la denuncia sustancialmente el lenguaje del estatuto, es suficiente para informar al acusado sobre la naturaleza del delito imputádole.

■ Basa su segunda cuestión el apelante en el hecho de que en la denuncia se alega que los hechos ocurrieron en el Km. 2–5 de la carretera de Cataño a Palo Seco, barrio Palmas, y que no especificando la denuncia si dicho sitio pertenece a Cataño o a Palo Seco, no confiere jurisdicción ni a la Corte Municipal de Bayamón, ni a la Corte de Distrito en apelación, ya que Palo Seco pertenece al distrito judicial municipal de Toa Alta y Cataño pertenece al distrito judicial municipal de Bayamón. No tiene razón el recurrente, porque en la propia denuncia se hace constar expresamente que dicho Km. 2–5 de la carretera de Cataño a Palo Seco, barrio Palmas, está "dentro del distrito judicial municipal de Bayamón que forma parte del distrito judicial de Bayamón, Puerto Rico". Véanse los casos de *Pueblo* v. *Aranda,* 12 D.P.R. 313, 315; *Pueblo* v. *Birrier et al.,* 18 D.P.R. 265, 269, y *Pueblo* v. *Torres,* 34, D.P.R. 629, 631.

Se desestima el primer error.

■ En cuanto al segundo, el fiscal conviene con el apelante en que la prueba de El Pueblo presentada en este caso no es suficiente para sostener la sentencia dictada. Examinemos, pues, toda la prueba presentada ante la corte inferior.

Para sostener la denuncia el fiscal presentó la declaración de los testigos Víctor Malavé, José Cora Massó, Martín Calero y Ramón Martínez Román.

Víctor Malavé en síntesis declaró que es policía insular; que no presenció el accidente, que fué al sitio a practicar la investigación y vió el automóvil del acusado volcado al lado derecho de la carretera, y que el acusado le dijo, como media hora después del accidente, que él era quien guiaba el carro.

José Cora Massó dijo que el día del accidente estaba trabajando en la carretera de Cataño a Palo Seco, de espaldas hacia el sitio por donde venía el automóvil; que oyó un ruido de automóvil, como que se volcaba; que se viró de pronto y vió el carro volcado; que no sabe quién guiaba el automóvil; que notó que el *truck* que ellos tenían a la orilla tenía un farol 'aboyao'', y que vió un hombre herido.

Martín Calero declaró que iba en el automóvil guiado por el acusado, hacia Palo Seco; que a dicho automóvil se le ''bloó'' una goma y fué a chocar con un truck y entonces el automóvil se volcó; que el automóvil iba a una velocidad moderada, ni muy exagerada ni muy poco a poco, regular; que la goma se ''bloó'' antes de chocar con el truck y lo sabe porque sintió la explosión; que el automóvil se volcó porque chocó con el truck; que como consecuencia del accidente él se descompuso un pie, y Ramón Martínez se fracturó un brazo.

Ramón Martínez Román, que también iba en el automóvil con el acusado, declaró que explotó la goma derecha de la parte delantera del carro y el acusado no pudo controlarlo a pesar de que luchó con el guía, y que al chocar con el truck se viraron; que el automóvil caminaba de 30 a 40 kilómetros por hora.

La única prueba de defensa consistió en la declaración del propio acusado, quien declaró textualmente lo siguiente:

''Ese día, 30 de marzo, salimos a Palo Seco y en el transcurso de la carretera por donde queda la curva que le nombran 'Curva Bacardí' yo noté que explotó una goma 'alante', al 'bloárseme' la goma cogió el carro para el lado y no pude controlarlo porque chocó con el truck y se me viró en la cuneta.''

Declaró además que iba a 30 ó 40 kilómetros y trató de evitar el accidente, pues ''enfrenó'' pero todo fué imposible porque chocó contra el truck.

Somos de opinión que esta prueba no es suficiente para sostener una convicción por el delito de infracción al artículo 328 del Código Penal.

En los casos de *El Pueblo* v. *Rodríguez*, 47 D.P.R. 600; el *Pueblo* v. *Ríos*, 55 D.P.R. 537, 539, y *El Pueblo* v. *Barrios*, 57 D.P.R. 942, entre otros, hemos resuelto que para que pueda sostenerse una sentencia condenatoria por un delito de esta naturaleza es necesario que la prueba de El Pueblo demuestre que el acusado manejó el vehículo con un grado de negligencia o descuido mayor que el que se requiere para obtener una indemnización en un caso civil; que dicha negligencia es necesario que sea crasa o temeraria y de tal naturaleza que demuestre un absoluto menosprecio de la seguridad de otras personas. La prueba aportada en este caso no demostró, a nuestro juicio, que el acusado estuviera manejando el automóvil en tal forma que pueda concluirse que incurrió en negligencia crasa o temeraria, sino más bien, que el accidente se debió al hecho fortuito de habérsele vaciado inesperadamente una goma al vehículo, que trajo como consecuencia el descontrol en el guía, yéndose el carro hacia un lado y chocando con el truck que estaba parado, lo que a su vez ocasionó el vuelco. [5] Tampoco puede considerarse como elemento de negligencia prima facie en este caso la velocidad a que iba corriendo el automóvil, ya que de acuerdo con la prueba de El Pueblo dicha velocidad era de 30 a 40 kilómetros que está dentro de los límites autorizados por la ley.

*Debe declararse con lugar el recurso y, en su consecuencia, revocarse la sentencia dictada por la corte inferior y absolverse al acusado.*