EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
RAFAEL BASTIÁN SIMÓN, acusado y apelante.

Núm. 14753.—*Sometido:* Noviembre 6, 1950.   *Resuelto:* Noviembre 15, 1950.

*E. T. Fiddler, José G. González, Tomás I. Nido, Andrés Guille-*
*mard y Julián O. McConnie, Jr.,* abogados del apelante; *Hon.*
*Procurador General Vicente Géigel Polanco, J. Rivera Ba-*
*rreras, Fiscal del Tribunal Supremo y Frank Vizcarrondo*
*Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tri-
bunal.

Rafael Bastián Simón fué acusado y convicto de dos infracciones al artículo 328 del Código Penal. Se le imputó que allá para el 4 de septiembre de 1948 y en ocasión en que manejaba como maquinista una locomotora Diesel, en dirección de Santurce a San Juan, por descuido y negligencia, imprudencia temeraria e impericia, chocó la misma ilegalmente contra un camión en que viajaban Luis Eduardo Torres Iglesias y Vicente Ayala Benítez, quienes recibieron golpes y contusiones graves que les ocasionaron la muerte. Los casos fueron vistos ante tribunal de derecho, sometiéndose el referente a la muerte de Torres Iglesias por la prueba desfilada en el de Ayala Benítez. La corte declaró culpable al acusado y en cada caso le sentenció a sufrir concurrentemente de uno a dos años de presidio, pero suspendiéndose las sentencias a tenor de lo provisto por la Ley 259 de 1946 ((1) pág. 535). En apelación señala dos errores que se dirigen a la apreciación de la prueba hecha por la corte inferior y a imputar a ésta pasión, prejuicio y parcialidad.

La prueba de El Pueblo tendió a demostrar que en la fecha indicada el acusado conducía en su carácter de maquinista la locomotora Diesel núm. 503 en dirección de Santurce a San Juan, arrastrando de 23 a 25 vagones cargados de azúcar; que el accidente ocurrió en la parada 3 de Puerta de Tierra, en el sitio en que la calle Valdés, transversal de la Avenida Fernández Juncos, atraviesa ésta; que a las ocho y media de la mañana del referido día el policía Juan Pedrosa Torres, que estaba de servicio en el indicado sitio, dió paso a un camión de la PRACO que venía de Santurce para San Juan, a fin de que éste doblara hacia su derecha y tomara la calle Valdés; que dicho camión corría despacio y logró atravesar tres de las vías que atraviesan la citada calle, pero que al tratar de cruzar la cuarta fué chocado por la locomotora que conducía el acusado y lanzado contra la pared de concreto de la oficina marítima; que como resultado

del accidente las dos personas nombradas en las acusaciones fallecieron; que el guardabarreras estacionado en dicho sitio no bajó las barreras; que antes del accidente la locomotora no tocó pito ni campana; que ésta venía bastante ligero; [1] que luego de chocar con el camión en que viajaban los occisos la locomotora no se detuvo hasta unos ochenta metros de distancia, más o menos; y que si bien cada uno de los vagones tenía frenos, éstos no estaban conectados a la locomotora y, por ende, no funcionaron.

La de la defensa fué al efecto de que el acusado es un hombre con quince años de experiencia en el manejo de locomotoras; que tomó la que ocasionó el accidente en el sitio conocido por Talleres, de Santurce; que se dirigía de Santurce a San Juan a una velocidad como de siete y media millas por hora; [2] que tocó pito y campana; que no se fijó si las barreras en la calle Valdés estaban puestas o no; que éste era deber del guardabarreras; que el acusado venía mirando hacia adelante; y que para evitar el choque el acusado frenó, pero que el impulso del tren lo arrastró unos veinticinco o treinta metros. Admitió el propio acusado, sin embargo, que los frenos de los vagones no estaban conectados antes del accidente; que no se fijó si los mismos funcionaban o no y que pensó que estaban buenos.

La corte inferior al proceder a declarar culpable al aquí apelante se expresó así:

"La Corte declara probado que usted cometió las siguientes negligencias: no conectó los frenos del tren antes de empezar a andar, no tocó pito ni campana; la Corte le da crédito al po-

[1] Pedro V. Concepción, guardabarreras y único testigo de cargo que declaró sobre la velocidad de la locomotora inmediatamente antes de ocurrir el accidente, dijo al principio que ésta iba a una velocidad regular, pero más tarde, a preguntas tanto del fiscal como de la defensa, declaró que la misma corría bastante ligero.

[2] El testigo Juan F. Velázquez, ingeniero de la compañía ferroviaria dueña de la locomotora, hizo referencia a 7½ kilómetros y a 7½ millas indistintamente al declarar sobre la velocidad a que, según sus cálculos, la locomotora corría inmediatamente antes del accidente.

licía y al guardabarreras; que usted caminaba a una velocidad exagerada por ese sitio y no parar (sic) al ver las barreras arriba; usted si no las vió no tomó la precaución de fijarse para ver; cada una de ellas constituye una negligencia crasa por lo que le declara convicto de infracción al artículo 328 del Código Penal (*felony*)."

La apreciación de la prueba en casos vistos ante tribunal de derecho descansa siempre en la sana discreción del juez sentenciador. Las conclusiones hechas por él en este caso encuentran apoyo, sin duda, en la prueba aducida.

Admitimos que la imprudencia temeraria o descuido que tiene por miras el artículo 328 del Código Penal no significa una mera falta de cuidado, sino un grado de negligencia o descuido mayor del que se requiere para obtener indemnización en un caso civil. *Pueblo* v. *Rodríguez*, 70 D.P.R. 23, 28. También, que la prueba en esta clase de casos debe ser de tal naturaleza que demuestre un absoluto menosprecio de la seguridad de otras personas. *Pueblo* v. *Ortiz*, 60 D.P.R. 536, 540. En los de autos la ofrecida cumplió con esos requisitos. El correr una locomotora con 23 ó 25 vagones cargados de azúcar por un lugar de mucho tránsito, como lo es la zona urbana que se extiende desde la parada 15 hasta la parada 3, donde ocurrió el accidente, sin cerciorarse de si los vagones tienen sus frenos en buen estado de funcionamiento o si están debidamente conectados, y el no tocar pito o campana antes de llegar al cruce de una calle, al igual que el correr a velocidad, según creyó la corte inferior, constituye negligencia tan crasa y temeraria que demuestra un menosprecio absoluto de la seguridad de otras personas. No ha habido, por tanto, error en la apreciación de la prueba.

Por otra parte, no se nos ha demostrado que la corte inferior actuara movida por pasión, prejuicio o parcialidad.

*Deben confirmarse las sentencias apeladas.*