EL PUEBLO, DEMANDANTE Y APELADO, v. GONZÁLEZ, CONOCIDO POR SANTIAGO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa for infracción del artículo 328 del Código Penal.

No. 1076.—Resuelto en noviembre 24, 1916.

SEGURIDAD PÚBLICA—AUTOMÓVIL—CHOQUE CON UN VIANDANTE.—El choque entre un automóvil y un viandante que traiga como consecuencia la muerte o daño de éste, es hecho que no está comprendido en el lenguaje empleado por el artículo 328 del Código Penal, ya como originalmente fué aprobado o como ha sido enmendado por dos veces (Leyes 1908, p. 58; Leyes 1916, p. 108).

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

La parte pertinente de la acusación presentada en este caso es como sigue:

"El Fiscal formula acusación contra Eduardo González, conocido por Santiago, por un delito de infracción al artículo 328 del Código Penal, *felony*, cometido como sigue: El citado Eduardo González, conocido por Santiago, allá el día 10 de noviembre de 1915, en la jurisdicción de Carolina, que forma parte del Distrito Judicial de San Juan, en momentos en que guiaba el automóvil No. 1206, por negligencia o descuido, lo dejó chocar con el cuerpo de la niña Margarita Esteves, causándole varias heridas y contusiones."

En el informe oral que se hizo durante la vista de esta apelación se sugirió, entre otras cosas, que los hechos imputados no constituyen el delito definido en el artículo 328 del Código Penal.

La cuestión está bien planteada.

El referido artículo, tal como se encontraba redactado, tanto en la fecha que se determina en la acusación como en la que se dictó la sentencia, prescribe lo siguiente:

"Todo conductor, maquinista, guardafreno u otra persona encar-

gada del todo o en parte de cualquier vagón, locomotora, tren de ferrocarril, automóvil o buque de vapor dedicado al transporte ordinario de carga o pasajeros, y cualquier despachador de trenes (*train dispatcher*), telegrafista, jefe de estación o cualquier otra persona encargada del todo o en parte del deber de despachar o dirigir los movimientos de dicho vagón, locomotora, tren de ferrocarril, automóvil o buque de vapor que por impericia, negligencia o descuido lo dejare o hiciere chocar con otro vagón, locomotora, automóvil o buque de vapor, tren u otro objeto o cosa, ocasionando de este modo la muerte o daño de una persona, incurrirá en pena de cárcel por un término máximo de dos años o presidio por un término de seis meses a diez años, según su gravedad.''

De acuerdo con la bien conocida regla de rigurosa interpretación que es aplicable a un caso de esta naturaleza parece muy claro el hecho de que el lenguaje empleado en el estatuto no hace referencia a un choque entre un automóvil y un viandante y que trae como consecuencia la muerte o un daño para la persona agolpeada. Sostener lo contrario sería forzar la significación ordinaria de las palabras usadas para hacer que las mismas comprendan casos que muy fácilmente pudieron haber sido incluídos en este artículo por la legislatura si tal hubiera sido su intención, pero que claramente no están comprendidos en la ley ya como fué aprobada originalmente o como ha sido enmendada por dos veces, primero en el año 1908 y luego en 1916, lo que establecería un precedente muy peligroso y perjudicial en la interpretación de un estatuto penal.

La sentencia condenatoria contra la cual ésta apelación ha sido interpuesta debe ser revocada, absolviéndose al acusado.

*Revocada la sentencia apelada y absuelto el acusado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.