EL PUEBLO, DEMANDANTE Y APELADO, *v.* LEBRÓN, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por infracción al artículo 328 del Código Penal.

No. 1264.—Resuelto en junio 20, 1918.

APLICACIÓN DEL ARTÍCULO 328 DEL CÓDIGO PENAL TAL COMO QUEDÓ ENMENDADO EN 1916—CHOQUE CONTRA UNA COSA U OBJETO.—Pudiera existir alguna duda en una acusación por virtud del artículo 328, si la máquina en el presente caso chocó primeramente con el cuerpo del denunciante o con la pared; pero de la evidencia aparece claramente que una o la mayor parte de las lesiones fué debida al choque contra la pared.

DIFERENCIA ENTRE EL PRESENTE CASO Y EL DE EL PUEBLO *v.* GONZÁLEZ.—En el caso de *El Pueblo* v. *González,* 24 D. P. R. 613, resolvió este tribunal que un choque con un viandante no es el delito castigado por el artículo 328 del Código Penal, pero en el presente caso hubo un choque con una cosa u objeto que produjo lesiones al denunciante y la prueba tendía a probar que hubo negligencia.

INTENCIÓN DE LA LEGISLATURA—DOCTRINA DE NOSCITUR A SOCIIS.—Tratando de fijar la intención de la legislatura, las cortes han aplicado frecuentemente la doctrina de *noscitur a sociis,* y este tribunal también lo ha hecho, pero no hay necesidad de tal aplicación en este caso, pues es bien claro que la legislatura tuvo sobre todo en mente la negligencia de un conductor al permitir que su carro chocara con otro objeto. Las palabras "cosa u objeto" aparecen ambas en el estatuto, y no hubiera habido necesidad de esta duplicidad de palabras si es que la legislatura quería sólo incluir algún otro objeto en movimiento.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Enrique Campillo.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En la vista de este caso tuvimos serias dudas sobre si el artículo 328 del Código Penal, como quedó finalmente enmendado en 1916, podía aplicarse a los hechos relatados en la acusación, pues de una lectura somera de dicho artículo pareció que sólo incluía los casos en que un vehículo en movimiento chocara con otro. El artículo en su totalidad, como ha sido enmendado, dice así:

"Artículo 328.—Todo conductor, maquinista, guardafreno, guarda-aguja, u otra persona encargada del todo o en parte de cualquier vagón, locomotora, tren de ferrocarril, automóvil o embarcación y cualquier despachador de trenes (*train dispatcher*), telegrafista, jefe de estación o cualquier otra persona encargada del todo o en parte del deber de despachar o dirigir los movimientos de dicho vagón, locomotora, tren de ferrocarril, automóvil o embarcación, que, por imprudencia temeraria o descuido, lo dejase o hiciese chocar con otro vagón, locomotora, automóvil o embarcación, tren o cualquiera otro objeto o cosa ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años.

"Si como consecuencia del choque resultase daño para alguna persona, dicho conductor, maquinista, guardafreno, guarda-aguja u otra persona, incurrirá en pena de cárcel por un término máximo de dos años, o multa máxima de mil dollars, o en ambas penas a discreción de la corte."

Los hechos fueron, que el denunciante y un compañero suyo estaban parados junto a la pared de una casa en una de las calles de San Juan cuando la máquina del acusado chocó con la pared y con dicho denunciante. Pudiera haber alguna duda sobre si la máquina chocó primeramente con el cuerpo del denunciante o con la pared, pero de la evidencia aparece fuera de toda duda que una parte, si no la mayor parte, de las lesiones fué debida al choque contra la pared. Esto aparece claramente de la prueba del perito médico. Es verdad que en el caso de *El Pueblo* v. *González*, 24 D. P. R. 613, dijimos que un choque con un viandante no era el delito casti-

gado por el dicho artículo 328, pero en este caso hubo un choque con una cosa u objeto que produjo lesiones, a saber, con una pared, y la prueba tendía a demostrar que hubo negligencia.

Tratando de fijar la intención de la legislatura, las cortes han aplicado frecuentemente la doctrina de *noscitur a sociis*, y nosotros también lo hemos hecho, pero no hay necesidad de tal aplicación en este caso pues es bien claro que la legislatura tuvo sobre todo en mente la negligencia de un conductor al permitir que su carro chocara con otro objeto. Las palabras "cosa u objeto" aparecen ambas en el estatuto, y no hubiera habido necesidad de esta duplicidad de palabras si es que la legislatura quería sólo incluir algún otro objeto en movimiento. La palabra "objeto," si algo excluye, es la idea de un cuerpo en movimiento. Si un despachador de trenes, específicamente mencionado en la ley, enviara un tren por un desvío de tal manera que chocara con un tinglado, quedaría comprendido en los términos del estatuto. La última sección dice que si como consecuencia del choque resultase daño el conductor será culpable, lo mismo que en caso de muerte, lo cual tiende también a demostrar que la idea principal de la legislatura fué un choque debido a negligencia. Véase, como razonamientos similares, el caso de *Harris* v. *American Casualty Company,* 44 L. R. A. (N. S.) 70, en el cual la corte resolvió que al dar un automóvil en tierra o en agua era un choque con un "objeto."

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.