El Pueblo, Demandante y Apelado, *v.* Limardo, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Humacao en causa por infracción al artículo 328 del Código Penal.

No. 1572.—Resuelto en enero 24, 1921.

Delito Contra la Seguridad Pública—Automóviles—Negligencia Criminal—Choques.—Un caballo no puede considerarse como excluído de las "cosas" u "objetos" mencionados en el artículo 328 del Código Penal, como fué enmendado por la Ley No. 51 de 1916, de acuerdo con el significado con que se usan tales palabras en el expresado artículo. Así pues, cuando un niño muere al caer de un caballo, a consecuencia de lesiones que le produjera un automóvil que chocó con el animal por causa de la criminal negligencia de la persona que guiaba el vehículo, tal persona es culpable del delito definido y castigado por dicho estatuto.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. F. González.*
Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

El único error que ha sido alegado en este caso es que el artículo 328 del Código Penal, como fué enmendado, no es aplicable a un caso en que un automóvil choca con un caballo y como consecuencia de esto cae al suelo un niño y se le causa la muerte. La teoría es que un caballo no es una cosa u objeto dentro de la intención de la ley.

El artículo 328 del Código Penal, como quedó enmendado, prescribe lo siguiente:

"Todo conductor, maquinista, guardafreno, guardaaguja, u otra persona encargada del todo o en parte de cualquier vagón, locomotora, tren de ferrocarril, automóvil o embarcación y cualquier despachador de trenes (*train dispatcher*), telegrafista, jefe de estación o cualquier otra persona encargada del todo o en parte del deber de despachar o dirigir los movimientos de dicho vagón, locomotora, tren de ferrocarril, automóvil o embarcación, que, por imprudencia temeraria o descuido, lo dejase o hiciese chocar con otro vagón, locomotora, automóvil o embarcación, tren o cualquiera otro objeto o cosa, ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años.

"Si como consecuencia del choque resultase daño para alguna persona, dicho conductor, maquinista, guardafreno, guardaaguja u otra persona, incurrirá en pena de cárcel por un término máximo de dos años, o multa máxima de mil dollars, o en ambas penas a discreción de la corte."

La intención original de este estatuto, según lo entendemos, fué el proteger a los pasajeros en los trenes y otros vehículos de los efectos de choques y hacer responsables a los maquinistas y otros conductores de vehículos por su negligencia cuando cualquier persona reciba alguna lesión como consecuencia de tal choque. Si se examina la jurisprudencia se verá que también surgen casos de negligencia cuando ocurren choques entre trenes y animales que causan lesiones a los pasajeros. Un animal es una propiedad. Es un objeto de venta y tráfico. Una manada de ganado sobre la vía, seguramente serían cosas u objetos. Si un hombre viaja en una calesa tirada por un caballo, y un tren o automóvil choca con el caballo y no con la calesa, ¿podría decirse que el chocar con el caballo y no con la calesa hacía que el caso quedara fuera del propósito del estatuto? No encontramos nada en la razón que informa a la ley, o en sus términos, que nos permitiera decir que un caballo no es una cosa u objeto. Empleándose la palabra "objeto" o "cosa", en relación con otras palabras usadas en el estatuto ellas se referirían particularmente a cuerpos que se encuentran por el camino.

En el caso de *El Pueblo* v. *González,* 24 D. P. R. 613, resolvimos que cuando un automóvil negligentemente chocaba con una persona tal negligencia no estaba comprendida claramente en la intención de la ley. Una persona golpeada y lesionada por un vehículo no recibe la lesión como consecuencia de un choque con cosa u objeto. Cuando se pone en movimiento una fuerza que directamente ocasiona la muerte o causa lesión a una persona puede dudarse si esto es primeramente un choque tal como se entiende generalmente la palabra ''choque''. La ley puede determinar directamente la muerte negligente ocasionada por un vehículo, *El Pueblo* v. *Blandford,* 23 D. P. R. 625, o una lesión por negligencia, *El Pueblo* v. *Astacio,* 23 D. P. R. 842. El artículo 328 presupone un choque entre dos objetos o cosas por el cual se ocasiona la muerte o recibe una lesión una persona que no es uno de los cuerpos envueltos en el choque.

No vemos cómo el caso *El Pueblo* v. *Lebrón,* 26 D. P. R. 427, pueda servir necesariamente de norma en este caso. Resolvimos que cuando una persona recibía un golpe después de un choque con una pared era de aplicación el artículo 328. Es cierto que dijimos que la palabra ''objeto'' tendía a excluir la idea de un cuerpo en movimiento, pero lo que claramente se infería de toda la opinión era que una ''cosa'' podía comprender un cuerpo en movimiento. Estábamos resolviendo que una pared era uno de los objetos comprendidos en el alcance del estatuto. Un caballo es seguramente una cosa y un choque entre un caballo y un vehículo es claramente un choque dentro del mal denunciado por el estatuto.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.