EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
FRANCISCO ROMÁN, acusado y apelante.

No. 2729.—*Visto:* Junio 9, 1926. *Resuelto:* Junio 23, 1926.

AUTOMÓVILES—CHOQUES—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO—APE-
LACIÓN—CUESTIONES DE HECHO.—Demostrando la prueba que la negligencia
del acusado fué manifiesta al dejar chocar el auto que manejaba con otro,
ocasionando así lesiones a una persona, se resolvió que el hecho constituía
una infracción al artículo 328 del Código Penal.

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan),
condénando al acusado por infracción al artículo 328 del Código
Penal. *Confirmada.*

*E. Campillo,* abogado del apelante; *José E. Figueras,* abogado de
*El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

El acusado fué condenado a tres meses de cárcel por una
infracción al artículo 328 del Código Penal consistente en
haber guiado tan descuidadamente un automóvil que chocó
con otro ocasionando a Francisco Dávila la fractura de tres
dedos de su pie izquierdo.

No conforme el acusado apeló y tanto en el alegato es-
crito como en el informe oral de su abogado se sostiene que
la prueba sólo demuestra el choque del auto manejado por
el acusado con la persona de Francisco Dávila y por tanto
que el caso cae dentro de la regla establecida en *El Pueblo*
v. *González,* 24 D.P.R. 613, y el acusado debió ser absuelto.

No es así. La prueba demuestra que Dávila se encon-
traba debajo de un automóvil componiéndolo y que el auto
manejado por el acusado chocó con el auto que componía
Dávila que se movió y le ocasionó las lesiones.

La negligencia del acusado es manifiesta, porque se de-
mostró que tenía espacio suficiente para pasar sin chocar con
el carro que estaba parado. Además se demostró que el
acusado no tenía licencia para manejar y trató de probar
que la tenía mostrando una en la que el nombre había sido
alterado.

*Debe confirmarse la sentencia apelada.*