EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO ROMÁN, acusado y apelante.

No. 4323.—*Sometido:* Enero 20, 1931. *Resuelto:* Enero 26, 1931.

*O'Neill & Cacho,* abogados del apelante; *R. A. Gómez,* abogado de
*El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

La denuncia original en este caso, dice, en la parte necesaria:

"Que en 19 de enero, 1930, 4.30 a 5 P. M., y en el km. 1–3 carretera No. 26, 'Maguelles' Bo. Fda. Afuera, Barceloneta, del Distrito Judicial Municipal de Manatí, que forma parte del Distrito Judicial de Arecibo, P. R., el dicho Carmelo Román, quien guiaba el automóvil P–1572, propiedad de José Román por el km. 1–hm. 3 de la carretera de Florida hacia el sitio que llaman 'Maguelles,' donde hay una alcantarilla con un muro y de allí virando hacia la derecha se toma el camino municipal de Sabana, voluntaria e ilegalmente al doblar de la carretera para coger dicho camino, por negligencia, impericia o descuido, y sin que ejerciera el debido cuidado y tomara las precauciones necesarias para garantizar la seguridad de vidas y propiedades, lo dejó o hizo chocar contra el muro de la alcantarilla, atrapillándole dicho automóvil la pierna izquierda al niño Rogelio Colón que estaba sentado en el muro, fracturándosela por la tibia, teniendo aquél que ser conducido al Hospital de Barceloneta para su pronta asistencia y luego al de Manatí, donde le amputaron la pierna."

En apelación ante la Corte de Distrito de Arecibo, el fiscal presentó su prueba; y la defensa una moción de sobreseimiento, que se declaró sin lugar; la defensa manifestó no

tener prueba; y la corte dictó sentencia declarando al acusado culpable de infracción del artículo 328 del Código Penal, y condenándole a sufrir la pena de siete meses de cárcel, y las costas. Se apela de esta sentencia.

En cuatro motivos se funda el apelante Carmelo Román. El primero, por indebida aplicación del artículo 328 del Código Penal.

■■ Se insiste por la apelante en que de la prueba en el caso resulta que el automóvil que guiaba el acusado chocó con el cuerpo del perjudicado antes de chocar con el muro en que éste se encontraba sentado; y que en ese caso no puede aplicarse el artículo 328 del Código Penal. Nos parece que se extrema por el apelante la interpretación del precepto legal, a un punto tal que hace inútil en casos en que no pueda lanzarse o moverse el objeto con que choca el automóvil. No es ésa la forma de interpretar, sino la que se adopta en el caso *El Pueblo de Puerto Rico* v. *Lebrón,* 26 D.P.R. 427, en donde se dice:

"Los hechos fueron, que el denunciante y un compañero suyo estaban parados juntos a la pared de una casa en una de las calles de San Juan cuando la máquina del acusado chocó con la pared y con dicho denunciante. Pudiera haber alguna duda sobre si la máquina chocó primeramente con el cuerpo del denunciante o con la pared, pero de la evidencia aparece fuera de toda duda que una parte, si no la mayor parte, de las lesiones fué debida al choque contra la pared. Esto aparece claramente de la prueba del perito médico. Es verdad que en el caso de El Pueblo v. González, 24 D.P.R. 613, dijimos que un choque con un viandante no era el delito castigado por el dicho artículo 328, pero en este caso hubo un choque con una cosa u objeto que produjo lesiones, a saber, con una pared, y la prueba tendía a demostrar que hubo negligencia.

"Tratando de fijar la intención de la legislatura las cortes han aplicado frecuentemente la doctrina de *noscitur a sociis,* y nosotros también lo hemos hecho, pero no hay necesidad de tal aplicación en este caso pues es bien claro que la legislatura tuvo sobre todo en mente la negligencia de un conductor al permitir que su carro chocara con otro objeto. Las palabras 'cosa u objeto' aparecen ambas en el estatuto, y no hubiera habido necesidad de esta duplicidad

de palabras si es que la legislatura quería sólo incluir algún otro objeto en movimiento. La palabra 'objeto,' si algo excluye, es la idea de un cuerpo en movimiento. Si un despachador de trenes, específicamente mencionado en la ley, enviara un tren por un desvío de tal manera que chocara con un tinglado, quedaría comprendido en los términos del estatuto. La última sección dice que si como consecuencia del choque resultase daño el conductor será culpable, lo mismo que en caso de muerte, lo cual tiende también a demostrar que la idea principal de la legislatura fué un choque debido a negligencia. Véase como razonamientos similares, el caso de Harris v. American Casualty Company, 44 L.R.A. (N. S.) 70, en el cual la corte resolvió que al dar un automóvil en tierra o en agua era un choque con un 'objeto.' ''

Por la única prueba aportada al juicio, que fué la de El Pueblo de Puerto Rico, la corte creyó que el niño que resultó herido se hallaba sentado en el muro sobre la alcantarilla, y allí fué cogido por el automóvil guiado por el acusado negligentemente, resultando el dicho menor con una pierna lesionada, con fractura de la tibia, y teniendo que sufrir la amputación. No hay en la apreciación de esa prueba un error que nos pueda inducir a revocar la sentencia. Y en lo que afecta a la aplicación del artículo 328 del Código Penal, la jurisprudencia que acabamos de citar es la norma en el presente caso. Siguiéndola, entendemos que si la víctima se hallaba sentada en el muro, y el auto dió contra ella y contra el muro, esto tuvo que ser simultáneo; y entonces cabe la aplicación del artículo citado.

En las condiciones en que se encontraba el caso al terminar la prueba de la acusación, la negativa a la moción de sobreseimiento es perfectamente razonable. Por lo que no incurrió en error la corte en este particular.

Finalmente, en cuanto a la pena impuesta (cuarto señalamiento de error) el apelante sostiene que tratándose de un joven de buena familia y buenas costumbres, y de un accidente casual, sin intención criminal, la pena ha podido ser una multa, y no la de cárcel, en donde el penado se ha de rozar con malas gentes. Convenimos en que ello es doloroso;

pero para la ley no hay más que la infracción realizada, y la consecuencia de ciertas circunstancias modificativas. Tenemos que conceder mucho a la discreción del juez, al elegir una de las diversas formas de penalidad; y por ello no podemos convenir en que erró en este particular, a menos que se nos hubiera demostrado otra cosa.

*Debe confirmarse la sentencia apelada.*