El Pueblo de Puerto Rico, demandante y apelado,
*v.* José Morales, acusado y apelante.

No. 4773.—*Sometido:* Mayo 17, 1932. *Resuelto:* Julio 30, 1932.

*Luis F. Camacho,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

José Morales apela de la sentencia que lo condena a tres meses de cárcel por infracción al artículo 328 del Código Penal.

Dicho artículo, según quedó enmendado por la Ley No. 51 de 1916, dice así:

"Todo conductor, maquinista, guardafreno, guardaaguja, u otra persona encargada del todo o en parte de cualquier vagón, locomotora, tren de ferrocarril, automóvil o embarcación y cualquier despachador de trenes (*train dispatcher*), telegrafista, jefe de estación o cualquier otra persona encargada del todo o en parte del deber de despachar o dirigir los movimientos de dicho vagón, locomotora, tren de ferrocarril, automóvil o embarcación, que, por imprudencia temeraria o descuido, lo dejase o hiciese chocar con otro vagón, locomotora, automóvil o embarcación, tren o cualquier otro objeto o cosa, ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años.

"Si como consecuencia del choque resultase daño para alguna persona, dicho conductor, maquinista, guardafreno, guardaaguja u otra persona, incurrirá en pena de cárcel por un término máximo de dos años, o multa máxima de mil dollars, o en ambas penas a discreción de la corte."

El objeto de ese precepto es castigar al que por imprudencia o descuido dejare o hiciere chocar, entre otros vehículos, a un automóvil con otro objeto o cosa y que como consecuencia de tal choque resulte muerte o lesión de alguna persona.

Al apelante se le imputó que por descuido o inexperiencia en el manejo de un automóvil que guiaba "conduciéndolo a mayor velocidad" dió lugar a que chocara con el balcón de una casa en el pueblo de Salinas resultando del mismo dos niños con contusiones y heridas.

En el juicio no presentó prueba el apelante y alegó entonces y alega ahora que la del fiscal es insuficiente para sostener su condena.

El fiscal presentó seis testigos.  Salvador Morales nada sabe sobre el asunto.  Juan Rivera nada sabe del choque ni dónde estaban los niños pero dice que el automóvil iba despacio; y preguntado por los desperfectos que encontró en la casa manifestó lo siguiente:

"Dos balaústres que se desplomaron, al chocar se corrieron un poquito."

Eduardo Morera y Blas Alvarez no presenciaron el accidente.  Juan Grandonec declaró así:

"Yo estaba en el balconcito que queda detrás de mi casa cuando el carro amarillo que iba, yo vi al joven haciendo mucha fuerza, parece que se le metió el guía o algo así y por más que él trató, primero chocó con la acera y después con la casa pero yo no vi dónde le dió a los muchachos":

que los niños estaban en la calle, sin poder precisar la distancia y que no vió cuando recibieron los golpes.  El último testigo fué Germán Rivera que dijo lo siguiente:

"Pues yo estaba sentado en el balcón de la casa de casa cuando vi que el señor venía en un automóvil y cuando dió la curva, pues el carro se fué a chocar con la casa y yo vi que él trató de enderezar el guía y no pudo y siempre el carro fué a chocar con el balcón, cuando chocó con el balcón iban dos nenes que venían comiéndose unos guineítos y les dió, cuando les dió cayeron acostados."

Dijo también que el automóvil no venía a velocidad sino como a siete millas y que al doblar la esquina redujo la velocidad; que quiso enderezar el carro pero siempre se le fué encima a la casa; que a su juicio se le metió el guía y que los niños pasaban en ese momento.

El hecho de que un automóvil guiado por una persona choque con un objeto o cosa no es por sí solo constitutivo del delito castigado en el artículo 328 del Código Penal pues se requiere que tal choque sea debido a imprudencia teme-

raria o descuido, circunstancias que deben ser probadas por el fiscal; y aunque en la denuncia se alegó que la impericia y el descuido del acusado consintieron en conducir ''a mayor velocidad'', de la prueba del fiscal resulta que el apelante llevaba el automóvil despacio, como a siete millas, que redujo su marcha al dar la vuelta a la esquina y que hizo esfuerzos por no entrar en la acera y chocar con el balcón de la casa, por lo que entendemos que no se probó la imprudencia temeraria o descuido a que la ley se refiere.

En el caso de *El Pueblo* v. *Limardo,* 29 D.P.R. 46, hemos dicho que la intención original del estatuto consignada en el artículo 328 fué proteger a los pasajeros en los trenes y otros vehículos de los efectos de choques y hacer responsables a los maquinistas y otros conductores de vehículos por su negligencia cuando cualquier persona reciba alguna lesión como consecuencia de tal choque. De la prueba en este caso no resulta que como consecuencia del choque con el balcón recibieran los niños contusiones y heridas, pues ellos no estaban en el balcón sino en la acera de la calle. El caso de *El Pueblo* v. *Román,* 41 D.P.R. 766, no es aplicable al presente pues el niño que en él resultó lesionado estaba sentado en el muro contra el cual chocó el automóvil y se dijo en ese caso que el choque y la lesión debieron ser simultáneos, ni el de *El Pueblo* v. *Lebrón,* 26 D.P.R. 427, porque en él resultó que por lo menos una parte de las lesiones sufridas por una persona fueron causadas al chocar el automóvil contra una pared.

*Por lo expuesto la sentencia apelada debe ser revocada y absolverse al acusado.*

Los Jueces Presidente Señor del Toro y Asociado Señor Hutchison, disintieron.*

---

* NOTA: Véase el prefacio.