El Pueblo de Puerto Rico, demandante y apelado, *v.* Julio Rodríguez Cosme, acusado y apelante.

Núm. 13883.—*Sometido:* Mayo 3, 1949. *Resuelto:* Mayo 24, 1949.

---

*Benjamín Rodríguez Ramón* y *Santos P. Amadeo,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Julio Rodríguez Cosme fué acusado y convicto de infringir el artículo 328 del Código Penal y se le sentenció a sufrir de uno a tres años de presidio con trabajos forzados.

En apelación alega que el veredicto rendido es contrario a la prueba y a derecho. El nervio de la acusación presentada en su contra fué que en 8 de febrero de 1948 y en la municipalidad de Caguas, mientras manejaba un camión, lo hizo con tal negligencia, impericia, descuido e imprudencia temeraria que lo dejó chocar contra un muro del puente de la carretera de San Lorenzo, produciéndole a Rosa Hernández Díaz contusiones de carácter grave que le ocasionaron la muerte. La prueba de cargo tendió a demostrar que en el día indicado el acusado vino de Ponce a Caguas conduciendo un camión en el cual se transportaban cajas de ron vacías y *drones* de alcohol; que al llegar a Caguas, el acusado fué a un cafetín, donde bebió cerveza "de momento a momento" en unión a Rosa María Hernández y al testigo Jesús Claudio Roldán; que como a las doce de la noche el acusado y esas dos personas decidieron ir a Gurabo, pero poco después de haber salido cambiaron de criterio y decidieron ir a San Lorenzo; que Rodríguez Cosme conducía el camión y Rosa Hernández y Roldán le acompañaban, estando Rosa sentada en el centro, junto al acusado, y Roldán a la derecha de ésta; que al notar el testigo Roldán que Rodríguez Cosme

corría de prisa—como a 60 millas o kilómetros,(¹)—llamó a éste la atención y casi en seguida el vehículo chocó con uno de los muros del puente que está en una curva de la carretera que va de Caguas a San Lorenzo, destruyendo el camión la baranda y yéndose al río con sus ocupantes; que tanto el acusado como Roldán lograron salir del vehículo, pero que Rosa Hernández pereció ahogada, certificándose su muerte como proveniente de asfixia por inmersión.

La prueba de descargo, que consistió en el solo testimonio del acusado, tendió a demostrar que éste salió de Ponce como a las seis de la tarde y llegó a Caguas como a las 9:30 de la noche; que entró al cafetín, pero que no tomó licor alguno, aunque sí le ofreció cerveza a su amiga Rosa; que decidieron ir a San Lorenzo con el propósito de entregar algún alcohol a la Farmacia Nueva; que no iba de prisa y que el accidente se debió a que una de las sopandas traseras cedió con el peso; que con tal motivo chocó con la barandilla del puente y el camión cayó al agua; que él salió casi ahogado y que no le fué posible sacar a Rosa.

▐ Con esa prueba ante sí, el jurado rindió un veredicto condenatorio. En los juicios ante jurado éste es el juez de los hechos, el llamado a dirimir el conflicto que surja de la prueba. *Pueblo* v. *Cabrera*, 59 D.P.R. 135; *Pueblo* v. *Betancourt*, 66 D.P.R. 132; *Pueblo* v. *Millán*, 66 D.P.R. 243; *Pueblo* v. *Ortiz*, 60 D.P.R. 536; *Pueblo* v. *Cintrón*, 58 D.P.R. 384; *Pueblo* v. *Barrio*, 57 D.P.R. 942; *Pueblo* v. *Sánchez*, 55 D.P.R. 188; *Pueblo* v. *Rodríguez*, 47 D.P.R. 600. En los autos hay suficiente prueba para sostener el veredicto rendido.

▐ Dispone en lo esencial el artículo 328 del Código Penal que "todo conductor . . . u otra persona encargada del todo o en parte de cualquier . . . automóvil . . . que,

---

(¹)El testigo Roldán, quien declaró sobre la velocidad del vehículo, dijo que no sabía si se trataba de millas o kilómetros, pero que estaba seguro de que la aguja del aparato que indica la velocidad marcaba 60 al momento de ocurrir el accidente.

*por imprudencia temeraria o descuido, lo dejase o hiciese chocar con otro vagón, locomotora, automóvil o embarcación, tren o cualquiera otro objeto o cosa, ocasionando de este modo la muerte de una persona, incurrirá en pena de presidio por un término máximo de cinco años."* (Bastardillas nuestras.) La prueba antes reseñada, según la misma fué apreciada por el jurado, basta a nuestro juicio para hacer caer el caso dentro de las disposiciones del artículo 328, supra. El veredicto no resulta por tanto ser contrario a la prueba ni a derecho.

■ El siguiente error imputado por el acusado a la corte inferior es mucho más serio. Éste es al efecto de "que las instrucciones dadas por la corte inferior a los señores del jurado fueron confusas, imprecisas y erróneas, lo que hizo que el jurado incurriera en error al rendir el veredicto." El fiscal de este Tribunal está de acuerdo y se allana a la revocación de la sentencia. En lo pertinente, las instrucciones trasmitidas fueron las siguientes:

"Según el artículo 328 del Código Penal, . . . todo conductor (aquí se repite el contexto del indicado artículo) . . .

" . . . por este artículo se establecen dos modalidades, una por imprudencia temeraria y otra por descuido, ambas modificaciones (sic) envuelven negligencia. Negligencia es la voluntaria infracción de un deber en que una persona se encuentra con respecto a otra en determinadas circunstancias que implican una imprudencia temeraria o descuido. *Se presume que existe esa imprudencia temeraria o descuido, cuando la persona que guía un automóvil lo hace dejando de observar los preceptos que la ley le impone, o sea la ley regulando la conducción de un vehículo impone ciertos deberes al conductor y cuando deja de cumplir con esos deberes existe la negligencia temeraria.* En este caso los deberes que impone la ley son los siguientes: La velocidad de un vehículo debe regularse con el debido cuidado, tomando en cuenta el ancho, tránsito, uso y condiciones del camino, y el hecho de conducir un vehículo a una velocidad que exceda a 48 kilómetros por hora, y dentro de la zona urbana a una velocidad mayor de 24 kilómetros, o a una velocidad mayor de 24 kilómetros al doblar una curva, como máximo (sic). Los vehículos pesados de motor como los *trucks* no marcharán a más de 12 kilómetros

en la zona urbana o en caminos y a más de 24 kilómetros [por] hora por cualquier otro sitio. O sea que un *truck* no podrá caminar a más de 12 kilómetros por caminos en que haya aglomeración. Esos son los deberes que le impone la ley y *cualquier persona que no cumpla con esos deberes es descuidada y temeraria en el manejo del vehículo.* De modo que toda persona que maneja un automóvil o un vehículo de motor debe hacerlo con la debida prudencia y circunspección tendente a impedir cualquier daño a un semejante.

"Éste no es un caso en que intervenga la malicia, ni siquiera la voluntad, o sea la intención. El delito se completa con la inobservancia de su deber, o sea por imprudencia temeraria o descuido, como lo es el que una persona permita que el automóvil que maneja choque con otro objeto o cosa y de ese choque resulte la muerte de una persona.

"La negligencia es la característica de estas dos circunstancias: falta de prudencia y falta de circunspección. Una persona que ejecuta un acto sin la debida prudencia, sin circunspección, puede decirse que ha sido una persona negligente, una persona descuidada, una persona poco solícita de sus deberes, y que debido a ese descuido, a esa imprudencia, o esa negligencia, fué que ocasionó el daño a esa tercera persona. Constituye descuido o negligencia, el dejar de observar para la protección de los intereses de otra persona, aquel grado de cuidado, de protección y vigilancia que justamente requieren las circunstancias y por consecuencia de la cual otra persona sufre algún daño, o pierde la vida.

"   .       .      .       .      .       .      .       .

"Como les dije *en este caso no se requiere la intención, sino probar que el acusado fué o no negligente. Es un delito en el cual no se exige la intención sino que si fué o no negligente.*

"   .       .      .       .      .       .      .       .

"*El veredicto que pueden traer si creen que este acusado, al conducir el truck a que se hace referencia en la acusación, fué negligente y causó la muerte de Rosa María Hernández, entonces será vuestro deber declararlo culpable de infracción al artículo 328 del Código Penal.* Si por el contrario entienden que la muerte de esa señora no se debió al acusado sino a un accidente desgraciado, como él alega, deben dar el beneficio de la duda al acusado y declararlo no culpable." (Bastardillas nuestras.)

Según hemos dicho en un número de casos, la imprudencia temeraria o descuido que tiene por miras el artículo 328 del Código Penal no significa una mera falta de cuidado, sino

un grado de negligencia o descuido mayor del que se requiere para obtener indemnización en un caso civil. *Pueblo v. Román*, 66 D.P.R. 912, 918; *Pueblo v. Barrio*, supra; *Pueblo v. Sánchez*, supra, y *Pueblo v. Rodríguez*, supra. Las instrucciones dadas, sin embargo, no llevaron al ánimo del jurado la verdadera significación y alcance de lo que, a los fines del citado artículo, imprudencia temeraria o descuido significan. En ellas, como se habrá visto, la corte dijo al jurado que se presume que existe imprudencia temeraria o descuido cuando la persona que guía un automóvil lo hace dejando de observar los preceptos que la ley regulando la conducción de vehículos impone al conductor del mismo y que cuando éste deja de cumplir con esos deberes existe la negligencia temeraria. Inmediatamente manifestó que los deberes que la ley impone son que la velocidad del vehículo debe regularse con el debido cuidado, tomando en cuenta el ancho, tránsito, uso y condiciones del camino; que los vehículos pesados de motor como los *trucks* no marcharán a más de doce kilómetros en la zona urbana, ni a más de veinticuatro kilómetros por cualquier otro sitio; que esos son los deberes que la ley impone y que cualquier persona que no cumpla con esos deberes es descuidada y temeraria en el manejo del vehículo. Fué, sin duda, un error de parte de la corte inferior expresarse en la forma en que lo hizo, no sólo porque sus palabras están tomadas de una ley[2] que para la fecha en que ocurrieron los hechos de este caso ya había sido derogada por otra que leía en forma distinta,[3] sino también porque ellas lle-

---

[2]Ley 55 de 1942 ((1) págs. 527, 561), artículo 11(*a*) y (*c*).

[3]Ley 279 de 1946 ((1) págs. 599, 637), que dispone en su artículo 15(*b*) lo siguiente:

"Constituirá evidencia *prima facie* de que un vehículo es conducido a una velocidad irrazonable y en contra de lo dispuesto en la letra (*a*) anterior, si el mismo fuere conducido a una velocidad mayor de veinticinco (25) millas por hora en una zona urbana; o a una velocidad mayor de quince (15) millas por hora al doblar una curva o intersección, donde la vista no fuere clara por un trecho de cien (100) metros hacia delante, o al pasar una zona donde hubiere escuelas públicas ubicadas; o a una velocidad mayor de cuarenticinco (45) millas por hora en los demás casos; . . ."

varon al ánimo del jurado la impresión de que la mera viola-
ción de cualquiera de los deberes impuestos por la ley que
regula el uso de vehículos de motor en Puerto Rico significa
que se ha incurrido en la imprudencia temeraria o descuido
a que alude el artículo 328 del Código Penal. Empero, ya
hemos dicho en varios casos que infracciones como las men-
cionadas por la corte a quo constituyen meramente prueba
prima facie de negligencia. *Pueblo v. Ortiz*, supra; *Pueblo
v. Casanovas,* 38 D.P.R. 219; *Pueblo v. Ramos,* 43 D.P.R. 71.

Continúa informando la corte al jurado sobre lo que a
su juicio constituye negligencia, pero no tuvo el cuidado de
aclararle al jurado que no se trataba de negligencia o des-
cuido corrientes, sino que era menester que esa negligencia
o descuido equivalieran a imprudencia temeraria y que ésta
tenía que ser de un grado superior al requerido para obtener
indemnización en causas civiles. Y para finalizar sus ins-
trucciones la corte manifestó al jurado que si éste creía que
el acusado al conducir el truck fué negligente y causó la
muerte de Rosa Hernández, entonces era su deber declararlo
culpable de infracción al artículo 328 del Código Penal. Fué
esto un nuevo error de la corte. Además, no dijo que la im-
prudencia temeraria del acusado debía ser la causa próxima
del accidente. *Pueblo v. Ortiz,* supra; *Pueblo v. Cintrón,*
supra.

█ No se desprende de los autos, sin embargo, que el acu-
sado solicitara instrucciones especiales de la corte o que
anotara excepción a las trasmitidas al jurado. Es regla
general que en ausencia de tal excepción no se revocará la
sentencia dictada, a menos que los errores en las instruc-
ciones sean fundamentales. *Pueblo v. Millán,* supra.

█ El presente caso se nos asemeja mucho al de *Pueblo
v. Agosto* 50 D.P.R. 462. Son en realidad casi idénticos. En
ese caso, al igual que en el presente, estaba envuelta una
infracción del referido artículo del Código Penal. En ambos
las instrucciones hicieron referencia a negligencia o descuido,

pero en ninguno de ellos se le dijo al jurado que la negligencia o descuido en esta clase de casos deben ser negligencia o descuido crasos, equivalentes a imprudencia temeraria, y ser además la causa próxima del accidente. En ambos tampoco se anotó excepción a las instrucciones trasmitidas al jurado y en ambos igualmente se rindió un veredicto condenatorio. En el de *Agosto* se llegó a la conclusión de que las instrucciones fueron completamente erróneas y que no obstante el hecho de no haberse anotado excepción a las mismas la sentencia debía ser revocada. A igual conclusión debemos llegar en el presente, ya que como allí "*el efecto acumulativo de los errores cometidos por el juez de distrito en sus instrucciones al jurado es demasiado serio para que se le pase por alto.*" (Bastardillas nuestras.)

*Debe revocarse la sentencia apelada y ordenarse la celebración de un nuevo juicio.*