EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANÍBAL GUTIÉRREZ SOLÍS, acusado y apelante.

*Número:* CR-67-250 *Resuelto:* 28 de noviembre de 1969

*Manuel López Carrillo*, abogado del apelante; *Rafael A. Rivera Cruz, Procurador General* e *Israel Arana Arana, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

El apelante fue convicto a una pena de dos a cinco años de presidio por una infracción al Art. 328 del Código Penal. Ocurrió una colisión de automóviles en la intersección de la Avenida 65 de Infantería y la Carretera Núm. 26 que

desemboca en dicha Avenida y conduce al Aeropuerto Internacional. La prueba de cargo demostró que el apelante conducía un vehículo Chevrolet del año 1957 por la Avenida 65 de Infantería en dirección de Río Piedras hacia Carolina y al llegar a esa intersección viró hacia la izquierda teniendo su luz verde, para adentrarse en la Carretera Núm. 26. En dirección de Carolina hacia Río Piedras venía la persona que resultó muerte, conduciendo un Mercedes Benz. Al pasar la intersección tenía también su luz verde. Un policía testigo de cargo dijo que el Mercedes Benz venía por el carril izquierdo. Otro testigo de cargo, que viajaba en él, dijo que por el derecho. Al doblar hacia su izquierda, según la prueba de cargo, el apelante no paró e iba a una velocidad de 10 a 15 millas por hora según un policía, y según otro como de 25 a 30 millas. El conductor del Mercedes Benz corría a una velocidad en exceso de la de 50 millas allí permitida, calculada por un policía de 60 a 65 millas, y por el otro policía, de 55 millas. El Mercedes Benz chocó el Chevrolet perpendicularmente por su lado derecho, de la mitad del vehículo hacia atrás, destrozando todo ese lado. Lo empujó sobre sus ruedas una distancia de 56 pies y lo depositó sobre la isleta. Un acompañante del apelante que iba en el asiento delantero derecho voló fuera y cayó en el pavimento. Una de las puertas también se desprendió y cayó en el pavimento.

Demuestra la prueba de cargo, además, que el interfecto tenía, al hacérsele el análisis patológico, un 11% de alcohol en la sangre. Había estado desde temprano en la noche en un club social, Berwind Country Club de Río Grande.

▮ Para que pueda haber una convicción de infracción al Art. 328 del Código Penal, el acusado debe haber incurrido en una negligencia o imprudencia temeraria crasa, que demuestre un menosprecio a la vida y seguridad ajenas. *Pueblo* v. *Rodríguez*, 70 D.P.R. 23 (1949); *Pueblo* v. *Román*, 66 D.P.R. 912 (1947); *Pueblo* v. *Morales*, 43 D.P.R. 1016 (1931). No basta la negligencia tipo corriente que, como

cuestión de derecho, puede sostener una convicción por el delito de homicidio involuntario por la muerte de una persona arrollada por un vehículo. *Cf. Pueblo* v. *López*, 77 D.P.R. 607 (1954).

La Sec. 5-401 de la Ley de Vehículos y Tránsito dispone en su inciso (5) que cuando dos vehículos conducidos en direcciones opuestas se acercaren o entraren a una intersección al mismo tiempo y uno de ellos fuere a virar a la izquierda, el conductor del vehículo que fuere a virar deberá ceder el paso al vehículo que fuere a seguir directo. Y el inciso (6) dispone que cuando un vehículo se acercare a una intersección y encontrare a otro vehículo que viniendo en dirección opuesta se encontrare ya dentro de la intersección y cuyo conductor estuviere haciendo señal para virar a la izquierda, deberá cederle el paso. Un policía declaró que el Mercedes Benz había entrado en la intersección, aunque aceptó que en esos momentos también miraba hacia un tercer policía que había abandonado un vehículo y esperaba transportación, y lo llamaba. El otro policía declaró que el Mercedes Benz estaba llegando a la intersección.

 Considerada la evidencia a la luz de los preceptos de ley mencionados, la de cargo, tal como la creyó el jurado, no demuestra, *como cuestión de derecho*, aquel tipo de imprudencia temeraria y crasa que requiere el Art. 328 del Código Penal. Si un acusado ha incurrido en este tipo de negligencia crasa y temeraria, es una cuestión en último extremo mixta de hecho y de derecho, no es una cuestión de hecho exclusivamente. Para que haya una convicción, la causa próxima de la muerte debe ser el resultado de esa negligencia crasa y temeraria.

Considerando todas las circunstancias que rodean este accidente, no quedó demostrada con la suficiencia en derecho, la negligencia crasa y temeraria del Art. 328, ni más allá de una duda razonable, que tal negligencia también como cuestión de derecho fue la causa próxima de este accidente.

*Pueblo* v. *Rodríguez,* 70 D.P.R. 23 (1949) ; *Pueblo* v. *Agosto,* 50 D.P.R. 462 (1936).

*Se revocará la sentencia condenatoria dictada por la Sala de San Juan del Tribunal Superior en 17 de marzo de 1967 y se absolverá al acusado.*

Los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages concurren en el resultado. El Juez Asociado Señor Rigau no intervino.