El Pueblo de Puerto Rico, demandante y apelado, *v.* Juan Calcaño, acusado y apelante.

No. 4591.—*Sometido:* Enero 13, 1932. *Resuelto:* Enero 28, 1932.

*R. Martínez Nadal,* abogado del apelante; *E. Díaz Viera, Fiscal Auxiliar,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Juan Calcaño fué acusado de homicidio involuntario porque en ocasión en que guiaba un automóvil por la carretera que de Río Piedras conduce a Caguas, lo hizo con tal descuido, impericia y negligencia, corriendo a una velocidad tan excesiva, que se fué por encima de un puente y al caer al fondo del mismo le produjo la muerte a siete seres humanos. Luego de un juicio por jurado, el acusado fué convicto y sentenciado a dos años de presidio.

Se han señalado varios errores, pero el esfuerzo principal del apelante se encamina a tratar de convencernos de que el veredicto es contrario al peso de la prueba. Frecuentemente este tribunal y otros han declarado que cuando el gobierno establece un caso *prima facie,* el veredicto del jurado no sufrirá menoscabo en apelación salvo en un caso muy extraordinario. *Pueblo* v. *Ramírez,* 40 D.P.R. 396; *Pueblo* v. *Colón,* 42 D.P.R. 53; *Pueblo* v. *González,* 42 D.P. R. 221; *Pueblo* v. *Román,* 42 D.P.R. 642.

Solamente hubo un testigo ocular del accidente que declaró contra el acusado. Era en verdad un analfabeto. Iba entre los pasajeros del automóvil, mas no podía decir aun aproximadamente el número de millas a que corría el vehículo. No obstante si se examina su declaración se verá que dijo muy positivamente que el automóvil corría a mucha velo-

cidad. En el examen directo el testigo manifestó que el automóvil caminaba muy rápidamente, pero en la repregunta dijo más específicamente que éste iba a escape. Preguntado si el acusado redujo la velocidad, contestó: "No, él siempre venía ligero." El testigo admitió que no sabía nada de números ni de millas. Todos los testigos declararon al efecto de que la carretera era peligrosa y la indicación fué que ésta era bien conocida por el acusado. De toda la prueba el jurado tuvo derecho a creer que el acusado se acercó al puente a una velocidad indebida y que era culpable de homicidio.

La defensa fué en gran parte que la barra del guía no funcionó y que a pesar de los esfuerzos del acusado el automóvil no pudo ser detenido. La defensa dió algún énfasis al hecho de que el citado guía estaba en mal estado antes del accidente y en que este hecho fué desarrollado por la declaración de un perito del pueblo. No damos énfasis al hecho de que el jurado no estaba obligado á creer la declaración del perito. También hubo prueba tendente a demostrar que los frenos del carro no estaban en tan buenas condiciones como debieron estarlo. Nos parece que si se entra en esta supuesta excusa entonces podría surgir la otra cuestión de si el acusado, que era un *chauffeur* experto, no debió haberse fijado en que su carro estuviera en buenas condiciones antes de emprender este peligroso viaje.

Sea como fuere, el caso fué sometido al jurado mediante suficiente prueba. Es cierto que un jurado quizá puede ser influído por el número de personas que perecieron en el accidente, pero una corte de apelaciones no puede fundar una revocación en una supuesta falsa simpatía y nada hay que indique en los autos que el jurado fuera así influído. Al acusado lo defendió un letrado hábil y si éste no pudo llevar una duda al ánimo del jurado, no vemos cómo esta corte podría posiblemente revocar la conclusión de ese organismo. Durante la vista no se hizo hincapié en los otros errores

señalados, que han sido suficientemente contestados por el fiscal en su alegato, y no requieren ulterior consideración.

*Debe confirmarse la sentencia.*