ANDREA PADILLA DÍAZ, demandante y apelada, *v.* CARLOS GARCÍA DE QUEVEDO, demandado y apelante.

Núm. 8679.—*Sometido:* Noviembre 5, 1943. *Resuelto:* Enero 13, 1944.

E. *Martínez Rivera,* abogado del apelante; *Víctor M. Marchán,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El apelante es un farmacéutico que preparó, envasó y vendió un purgante de citrato de magnesia y lo envió con un mensajero a la residencia de los esposos Fernández, en Santurce, que lo habían solicitado. Allí lo recibió la demandante Andrea Padilla y al momento de tenerlo en sus manos estalló la botella conteniendo el citrato y como consecuencia sufrió una herida en el ojo izquierdo del cual ha perdido el 70 por ciento de visión. Basado en estos hechos alegó en su demanda sobre daños y perjuicios "que la citada explosión de la botella se debió única y exclusivamente a la negligencia del demandado al no preparar el purgante y envasarlo con el debido cuidado, de acuerdo con las reglas que provee la farmacopea." La corte inferior, después de oír la prueba de ambas partes, declaró con lugar la demanda y condenó al demandado a pagar $600 y las costas. El demandado estableció el presente recurso y en su apoyo hace cuatro señalamientos de error. Los consideraremos por su orden.

1. Sostiene el apelante que la corte sentenciadora erró al considerar debidamente identificado y al admitir como prueba el *exhibit* núm. 1 de la demandante que consiste en pedazos de una botella.

La prueba, creída por la corte, demostró que al estallar la botella de citrato en la mano de la demandante los vidrios cayeron parte en el piso de la galería y parte en el patio de la entrada posterior de la casa de los esposos Fernández; que se recogieron los del piso y el mensajero del demandado se los llevó y que al darse cuenta de este hecho la señora Fernández con su sirvienta recogieron los que estaban en el patio. Dichos vidrios fueron identificados y en relación con ellos la demandante declaró que la botella de citrato que ella tuvo en sus manos, aunque estaba envuelta en un papel, no era redonda sino que era una botella "cuadrada" o "con esquinas".

Al admitir los vidrios de la botella la corte dijo:

"Juez: La Corte cree que si bien la prueba de identificación no es una prueba incontrastable y es más bien circunstancial, que hasta ahora merece crédito, es prueba que tiende a identificar esa botella como la que entregó el mensajero. *En manos de la demandada está convencer a la Corte de que ésa no es la botella y hasta tanto no se demuestre a la Corte lo contrario, la Corte declara sin lugar la objeción y admite la evidencia."* (Bastardillas nuestras.)

Arguye el apelante que: "Entendió la corte que no era a la demandante a la que incumbía establecer que los cristales ofrecidos como prueba pertenecían a la botella usada por el demandado. Esto es contrario a todas las reglas y principios de evidencia."

Si de las palabras del juez solamente se lee la parte subrayada por nosotros, podríamos admitir que esta aseveración del apelante podría ser correcta. Empero, leyéndolas en conjunto, el significado de sus palabras es muy distinto. Afirma que ya tiene la certeza moral de que los vidrios han sido debidamente identificados, y por eso los admite en evidencia; pero que si el demandado le prueba o demuestra que ésos no son los pedazos de botella, entonces rectificaría. Estamos convencidos de que la corte nunca tuvo en mente transferir, ni mucho menos transfirió *de facto,* el peso de la

prueba a las manos del demandado.   No se cometió el primer error señalado.

■ 2 y 3. Tampoco el segundo y el tercero por los cuales sostiene el apelante que la corte inferior resolvió que la teoría de *res ipsa loquitur* era aplicable a la prueba ofrecida por la demandante y por ese motivo desestimó la moción de *non suit* formulada por el demandado y al hacerlo dijo le incumbía "demostrar que él no fué el que tuvo la culpa en un caso en que aparentemente algo que él hizo o dejó de hacer fué lo que causó el daño."

Si bien es cierto que esto ocurrió, no lo es menos el hecho de que, después de haber el demandado presentado su prueba, la corte, al resolver el caso hizo constar en su opinión lo siguiente:

"Nos parece clara la negligencia del demandado.   Utilizó una botella de menos resistencia que aquella que las normas de prudencia de su profesión aconsejan como envase para citrato de magnesia. Sostiene el demandado que, aun así, la resistencia de la botella utilizada era suficiente.   En apoyo de su contención realizó un experimento que dejó establecido que no siempre explota el citrato envasado en botellas del tipo que él utilizó.   Así ocurre con muchos actos de descuido; no sobreviene necesariamente daño si no median otras circunstancias.   Y en el caso de la explosión de una botella de citrato, entre las circunstancias que pueden hacer que una botella inadecuada explote y otra igual o parecida no explote, están, por ejemplo, las de diferencias de temperatura, diferencias en la cantidad o calidad del contenido de cada botella, y diferencias en la resistencia exacta de cada botella.   La prudencia exige se utilice para envasar bebidas gaseosas una botella cuya resistencia ofrezca cierto margen de seguridad, y el demandado no utilizó el tipo de botella que su profesión indica como contentiva de ese margen de seguridad.   Utilizó una botella de inferior resistencia, y el así hacerlo fué negligente.

"Establecida la negligencia del demandado por las alegaciones y la prueba, es inaplicable al caso la doctrina de *res ipsa loquitur,* la cual sirve para establecer la inferencia de negligencia en casos en que no hay prueba que demuestre el acto específico de negligencia. Véase *Rodríguez* v. *White Star Line,* 54 D.P.R. 310 y los casos allí citados."

De manera que el caso fué resuelto no a base de la regla de *res ipsa loquitur* sino por haberse probado, a juicio de la corte, el acto específico de negligencia alegado en la demanda, a saber, el no haber envasado el purgante con el debido cuidado, de acuerdo con las reglas que provee la famacopea. No creemos necesario exponer de nuevo el alcance y aplicación de la doctrina sobre *res ipsa loquitur,* pues recientemente lo hemos hecho en los casos de *Rodríguez* v. *White Star Bus Line,* 54 D.P.R. 310 y *Hermida* v. *Feliciano,* 62 D.P.R. 55, y a lo allí dicho nos remitimos.

■■ 4. En el último señalamiento alega el apelante que la corte sentenciadora erró al estimar y resolver, por el peso de la prueba, que el demandado fué culpable de negligencia.

Se probó por los peritos de una y otra parte que la farmacopea americana exige que se use *"a strong bottle of suitable capacity"* para envasar un citrato de magnesia; que se fabrica una clase especial de botellas para dicho fin, del tipo redondo admitido como exhibit núm. 2 de la demandante; que asimismo se fabrican botellas, llamadas de prescripción, del tipo cuadrado como el exhibit núm. 3 de la demandante, que es igual o parecido al tipo cuadrado a que corresponden los vidrios (exhibit núm. 1, demandante), de la botella que se usó para envasar el citrato en este caso; que las botellas redondas de citrato generalmente usadas por los farmacéuticos son más fuértes y ofrecen un margen de seguridad mayor que la botella usada en este caso por el demandado. De acuerdo con esta prueba no erró la corte al resolver que el demandado fué negligente al usar una botella "de menos resistencia que aquella que las normas de prudencia en su profesión aconsejan" y que "Es evidente que la botella se rompió porque la presión del gas que contenía excedió la resistencia de sus paredes."

No tiene razón el apelante al sostener que, existiendo otras causas que pudieron ocasionar la explosión de la botella, tales como un golpe externo, agitación exagerada, variación de las

condiciones normales de la temperatura, defecto aparente u oculto en el envase, uso excesivo de ingredientes en la preparación del citrato, la corte inferior no podía declarar probada la negligencia del demandado mientras no se eliminaran todas y cada una de dichas causas. Empero, es que la corte sentenciadora eliminó, de acuerdo con la prueba a que dió crédito, dichos factores, diciendo: "Sabemos que no hubo golpe externo, ni agitación exagerada, y el demandado nos asegura que no utilizó cantidad excesiva de ingrediente alguno. No hay prueba de que la presión externa o la temperatura, fuese anormal, ni de que adoleciera la botella de algún defecto." Esta conclusión está sostenida por la prueba y no estamos justificados en variarla. Eliminados dichos factores sólo quedó el de la resistencia inadecuada de la botella usada. La omisión negligente del demandado al no utilizar una botella fuerte, de tipo redondo, especialmente fabricada para citratos, fué la causa del accidente y es suficiente para hacerle responsable de los daños causados.(1)

██ El farmacéutico ocupa una posición de alta responsabilidad en sus relaciones con el público. Está obligado a actuar en todo momento con el más alto grado de cuidado. Cualquier descuido, por pequeño e insignificante que de momento parezca, puede acarrear daños graves e irreparables a una persona inocente que no tiene los medios de prevenirse o defenderse. Como se dijo en el caso de *Hoar* v. *Rasmusen,* 282 N. W. 652, 654 (1938): "Las circunstancias que rodean la profesión de un farmacéutico exigen el ejercicio de un alto grado de cuidado y eficacia, tal cuidado y eficacia como una persona de ordinaria prudencia ejercería bajo las circunstancias, *el más alto grado de cuidado y eficacia consistente con la manera razonable de conducir el negocio. El efecto de una*

---

(1) El caso cumbre sobre la materia, pero aplicando las reglas del derecho común, es el de *MacPherson* v. *Buick Co.*, 217 N. Y. 382, 111 N. E. 1050 (1916), en el cual el Juez Cardozo escribió una de sus más famosas y comentadas opiniones. Véase Bohlen "Fifty Years of Torts", 50 Harv. L. Rev. 1235, y Seavey "Mr. Justice Cardozo and The Law of Torts", 52 Harv. L. Rev. 372.

*equivocación puede ser rápido y desastroso.''* (Bastardillas nuestras.).

El demandado sabía que la farmacopea exigía el uso de una botella fuerte para envasar citratos. Tenía en su farmacia botellas del tipo especial redondo usadas para dicho fin. Empero, por un descuido negligente usó una botella más frágil que estalló ocasionándole la seria y permanente lesión a la demandante quien ha perdido el 70 por ciento de la visión en uno de sus ojos. Es por tanto responsable del daño causado.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.