Bill Piper, Appellee, v. Lenora Hoagland, Trading as Hoagland Transfer Company, Appellant.

Gen. No. 9,749.

Opinion filed March 7, 1951. Released for publication April 3, 1951.

EDWIN C. MILLS, of Lincoln, for appellant.

A. M. FITZGERALD, of Springfield, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

This is an action for damages arising out of a collision between two automobile trucks in which the jury returned a verdict in favor of the plaintiff, Bill Piper, in the sum of $1,200 against the defendant Leona (Lenora) Hoagland, d/b/a Hoagland Transfer Company. Upon denial of motion for a new trial, and entry of judgment, this appeal follows.

The complaint in substance charges that on November 5, 1946, at about 9:20 a.m., the loaded gravel truck of plaintiff was proceeding south on a gravel road about one-quarter mile south of Elkhart, Logan county, Illinois; that defendant's loaded gravel truck was also then proceeding south on such road ahead of plaintiff; that defendant's truck pulled off to the right side of the road and immediately thereafter suddenly swerved to the extreme left and came to a stop directly in the middle of said road and in the path of plaintiff's truck by reason of which the collision occurred. The pertinent charges of negligence are that the defendant's truck was operated with a defective steering mechanism and was swerved and stopped across the highway without any warning. Damages claimed were for cost of repairs to the truck, loss of use for ninety-two days, and miscellaneous items of expense for towing, new tire and painting door. The answer of defendant denied the charges of negligence and alleged that without fault of defendant a mechanical failure occurred in the steering mechanism of the truck which caused such truck to swerve sharply to the left and come to a stop across the gravel road; that plaintiff was driving his truck at such time about thirty feet to the rear of defendant's truck by reason of which plaintiff was unable to stop, and that such conduct amounted to contributory negligence.

██ As to the charge that plaintiff was guilty of contributory negligence in not maintaining a greater distance to the rear of defendant's truck, the evidence indicates that the driver for defendant did not see plaintiff's truck or know how far in the rear the truck of plaintiff was being driven just prior to the accident. Plaintiff testified that he was overtaking the other truck with the intention of passing it. The subject was one for the jury and its finding as to this is not against the manifest weight of the evidence.

708

■ ■ There is practically no dispute in the evidence as to the defective condition of the steering mechanism of defendant's truck, nor but that such was the cause of the truck's swerving across the highway, where it was struck by plaintiff's truck. The contention of defendant, however, is that because an attempt had been made to repair the defect on the morning of the day of the collision, such conduct was not negligent. Plaintiff's witness Lohrenz testified that on November 5, 1946, he was a garage mechanic employed by the International Harvester Company; that at about 7 o'clock a.m. of that day one Smalley drove truck of the defendant into the garage; that an essential part of the steering mechanism, a drag link, was defective; that he did not have on hand a new drag link but did put in some new parts and partially repaired the mechanism so that it was in better shape, but not much better, than before; that he told Smalley that it was not in safe driving condition, but that the latter drove the truck away. The witness Smalley, who was the driver of defendant's truck at the time of the collision testified, on the subject of the steering mechanism, that he told his employer on the night before the accident that the truck had a defective drag link and he was then instructed to take it to a garage the next morning and have it replaced with a new one; that he did so take it to a garage where the work was done by the witness Lohrenz who said they did not have in stock a new drag link; that work was done on the steering mechanism. When Lohrenz was finished "I says, what do you say? He says O.K."; that the witness had not noticed anything wrong with the steering of the truck the day before nor on the day of the accident until just immediately before the occurrence; he did not understand that Lohrenz stated it was not in safe driving condition. On cross-examination the following questions and answers appear in the record: "Q. You didn't

ask them whether they thought it was safe, isn't that right? A. I did. Q. And they told you that it was O.K.? A. He said I needed a new one. Q. Did Mr. Lohrenz, at any time, ever tell you it was O.K.? A. He said I needed a new one. Q. No. Answer my question. Did he at any time, ever tell you it was O.K.? A. No." An examination of the testimony on this subject indicates that it was a question of fact for the jury to pass upon as to whether defendant by agent was negligent in operating a truck with the steering gear in such condition, and it cannot be said that its finding was against the manifest weight of the evidence.

■■ It is further argued that certain given instructions referred to the negligence charged in the complaint. As defendant's instruction contained similar language this was not reversible error. In addition to this, plaintiff's given instruction number one did set forth the substantial issue concerning the charge, and denial, that defendant operated a truck in a defective condition so as to cause the truck to swerve across the road, the allegation of plaintiff's due care, and defendant's charge of contributory negligence. This instruction was sufficient to justify the reference in subsequent instructions to the charge of negligence in the complaint.

■■ Error is charged in the ruling of the court as to certain testimony but if any such error occurred, it was harmless. It is further charged that the verdict of the jury is excessive and not supported by the evidence. This court has carefully analyzed the allegations as to damages in the complaint and the evidence as to the same, and finds that the amount of such verdict was not excessive and was justified by the evidence.

The judgment of the circuit court is affirmed.

*Affirmed.*