JUAN RIVERA RIVERA, Plaintiff and Appellant, *v.* RAFAEL RIVERA RODRÍGUEZ, Defendant and Appellee.

No. R-69-21.    Decided April 9, 1970.

*Noel Colón Martínez* for appellant. *González & Rodríguez* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

We agreed to review the judgment rendered by the Superior Court, Bayamón Part, dismissing a complaint claiming damages, filed by Juan Rivera Rivera, against Rafael Rivera

Rodríguez and his insurer, United States Fidelity and Guaranty Company.

The damages claimed arise as a result of an automobile accident. There is no controversy as to the occurrence of the accident and its causes.

On May 19, 1966, plaintiff was traveling as a passenger in an automobile driven and owned by defendant, Rafael Rivera Rodríguez, which was going 30 or 35 miles per hour along a narrow country road leading from the town of Comerío to the ward "La Prieta." Upon taking a semicurve, the power steering system failed, the vehicle colliding against the security railings at the side of the road. A pulley or belt of said system was broken. As a result of the collision plaintiff suffered injuries on his body.

The automobile was a 1965 Oldsmobile. The trial court concluded "that Rafael Rivera Rodríguez did not submit his vehicle to a maintenance process of its power steering system because he considered it to be a new vehicle and because he thought that every time he took the same to a service station, this system was checked there."

As a matter of law, said court concluded:

"The court understands that the immediate cause originating this accident was a mechanical failure of the vehicle wherein plaintiff traveled and that this mechanical failure does not provide sufficient grounds to conclude negligence pursuant to the provisions of § 1802 *et seq.* of the Civil Code. The court concludes, as a matter of law, that the reasonable inference in regard to the immediate cause of the accident is the one set forth without there being any basis in the evidence to make conclusions giving rise to a determination of lack of diligence, or omission on the part of the driver of the vehicle, sued herein."

This was a misinterpretation of the law governing the facts in this case.

The sudden emergency doctrine which exempts from liability is not applicable in the case at bar, since the sudden emergency was created by the driver of the vehicle. See *Jarabo*

v. *Ramírez de Arellano*, 93 P.R.R. 691 (1966) ; *Banchs* v. *Colón*, 89 P.R.R. 471 (1963), and *Santos Rivera* v. *Quiñones de la Rosa*, 93 P.R.R. 478 (1966). The negligence of the driver of the vehicle consisted in a previous action which gave rise to the accident. If the pulley of the power steering system broke before the accident, the negligence of the owner and driver of the vehicle consisted in the failure to perform a proper inspection of the same. If, on the contrary, said pulley was broken as a result of the accident when the vehicle collided against the railings, then defendants would be liable under the doctrine of *res ipsa loquitur*.[1] Since that will not affect the result we shall reach, we accept that the pulley broke before the collision occurred as it was concluded by the trial court, and that as a result therefrom, the driver was unable to prevent the accident.

The owner and operator of a motor vehicle has the duty of exercising ordinary care to keep the vehicle in condition of reasonable mechanical security and properly equipped, as appellant duly sustains. Among those duties is that of exercising reasonable care in the inspection of the vehicle to discover defects or imperfections which prevent its normal operation, within a reasonable standard of security. Hence, he is charged with knowledge of latent defects or defects which a reasonable inspection should have disclosed.[2] It has been decided that since the operator of a motor vehicle should keep the steering gear in safe condition, he has been considered negligent when the steering gear has been worn out or loose, *Collins* v. *Anderson*, 260 Pac. 1089; when the steering gear gets locked, *Penton* v. *Favors*, 78 So.2d 278; a part of the

---

[1] *Padilla* v. *García*, 62 P.R.R. 771 (1944) ; *Cintrón* v. *A. Roig, Sucrs.*, 74 P.R.R. 957 (1953); *Ramos* v. *Water Resources Authority*, 86 P.R.R. 572 (1962).

[2] See *Cruse* v. *Taylor*, 80 S.E.2d 704; *Fried* v. *Korn*, 134 N.E.2d 67; *Guile* v. *Snyder*, 263 S.W. 403; *Sothoron* v. *West*, 26 A.2d 16; *Delair* v. *McAdoo*, 188 Atl. 181; *Petersen* v. *Seattle Automobile Co.*, 271 Pac. 1001; *Dobb* v. *Stetzler*, 87 A.2d 208.

steering gear mechanism was defective, *Piper* v. *Hoagland,* 97 N.E.2d 605; worn and defective drag link, *Bathke* v. *Traverse City,* 13 N.W.2d 184; loss of a nut which held a portion of the mechanism, *Lonergan* v. *American R. Express Co.,* 144 N.E. 756.

In Puerto Rico, we have decided that the owner and driver of a motor vehicle incurred negligence as a result of the defective condition of the brakes. *Jarabo* v. *Ramírez de Arellano, supra; Atiles Moreu, Manager* v. *McClurg,* 87 P.R.R. 824 (1963); *People* v. *Bastián,* 71 P.R.R. 789 (1950); *People* v. *Calcaño,* 43 P.R.R. 58 (1932); *López* v. *Rexach,* 58 P.R.R. 145 (1941). We have also considered as negligent conduct driving a vehicle which is not properly equipped with lights. *Pérez* v. *Santiago,* 56 P.R.R. 732 (1940).

We have no doubt that the owner and driver of the vehicle in the case at bar incurred negligence by failing to submit the power steering system of said vehicle to inspection. He relied on the fact that said system was inspected by the service stations, without assuring himself thereof, and he also relied on the fact that his vehicle was new. Nevertheless, the brakes of that same new vehicle, according to defendant, had to be repaired by changing the bands. As a result of the lack of proper inspection of the steering wheel system, which steers the vehicle, defendant drove it with a worn-out or defective pulley, to the point that it broke when the vehicle was taking a curve.

It is foreseeable that the mechanisms of a motor vehicle, particularly the brake system and the power steering, may be damaged. Foreseeing this contingency, the drivers should submit their vehicles to a proper inspection to make sure of their safety. Section 1058 of the Civil Code (31 L.P.R.A. § 3022), providing that no one shall be liable for events which could not be foreseen, or which having been foreseen were inevitable, does not exempt defendant from liability in this case. His duty to foresee imposed on him the obligation to check the mechanical systems of the vehicle. To be held

liable he did not have to foresee the very injury complained of, nor the exact manner in which it occurred. *Ginés* v. *Aqueduct and Sewer Authority*, 86 P.R.R. 490 (1962).

The aspect of defendants' liability[3] having been decided, it is proper to determine the damages suffered by plaintiff.

■ The trial court concluded that plaintiff ". . . suffered physical damages in a general manner, which the court determines as simple fracture at the end of the radius of the left wrist, and a blow on the left region of the head. That this plaintiff underwent the proper medical treatment of the fracture, which included having the left arm in a plaster cast for a period of six weeks. He had a complication in the injury he received on his left arm, consisting of a hematoma which required an operation to remove clots from the arm. He suffered intense pains, and the pain which he feels when he strains or flexes his left hand still persists in his left arm, in his left wrist."

In the opinion of the medical expert presented by the defendant, the pain on plaintiff's left wrist persisted two years subsequent to the accident and the time the pain would persist was unpredictable.

Considering all these facts, we deem that the sum of two thousand five hundred dollars ($2,500) is a just and reasonable compensation for the damages sustained by plaintiff.

The judgment rendered by the Superior Court will be reversed, and another will be rendered, ordering defendants to pay in solidum to plaintiff, for damages, the amount of two

---

[3] In regard to the liability of automobile manufacturers and dealers and in regard to what the law assumes to be impliedly guaranteed to the purchaser, see, among other authorities, *Elmore* v. *American Motors*, 451 P.2d 84 (1969); *Ulmer* v. *Ford*, 452 P.2d 84 (1969); *Buttrick* v. *Lessard & Sons*, 260 A.2d 111 (1969); *Larsen* v. *General Motors Corp.*, 391 F.2d 495 (1968); *Mickle* v. *Blackmon*, 166 S.E.2d 173 (1969); *Evans* v. *General Motors*, 359 F.2d 822 (1966); Whitford, *Law and the Consumer Transaction: A case study of the Automobile Warranty*, 1968 Wisconsin L. Rev. No. 4, p. 1006; Prosser, *Strict Liability to the Consumer in California*, 18 Hastings L.J. 9 (1966).

thousand five hundred dollars ($2,500), plus costs, and five hundred dollars ($500) for attorney's fees.

Mr. Chief Justice Negrón Fernández did not participate herein and Mr. Justice Ramírez Bages is of the opinion that the compensation should have been five thousand dollars ($5,000).