JUAN RIVERA RIVERA, demandante y recurrente, *v.* RAFAEL RIVERA RODRÍGUEZ, demandado y recurrido.

*Número:* R-69-21     *Resuelto:* 9 de abril de 1970

*Noel Colón Martínez,* abogado del recurrente; *González & Rodríguez,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Acordamos revisar la sentencia dictada por el Tribunal Superior, Sala de Bayamón, declarando sin lugar una demanda en reclamación de daños y perjuicios interpuesta por Juan Rivera Rivera contra Rafael Rivera Rodríguez y su aseguradora United States Fidelity and Guaranty Company.

Los daños reclamados provienen de un accidente de automóvil. No hay controversia en cuanto a la ocurrencia del accidente y sus causas.

El día 19 de mayo de 1966 el demandante viajaba como pasajero en un automóvil conducido por y propiedad del demandado Rafael Rivera Rodríguez, que discurría a 30 ó 35 millas por hora por un camino vecinal estrecho que conduce del pueblo de Comerío al barrio "La Prieta". Al tomar una semi-curva le falló el sistema mecánico de! volante *(power steering)*, yendo el vehículo a chocar contra los muros instalados como protección a la orilla del camino. Una polea o correa de dicho sistema estaba rota. Como consecuencia del choque el demandante sufrió lesiones en su cuerpo.

El automóvil era marca Oldsmobile, modelo 1965. El tribunal de instancia concluyó "que Rafael Rivera Rodríguez no sometió su vehículo a una acción de mantenimiento en su

sistema de servoguía por considerar éste un vehículo nuevo y considerar que cada vez que lo llevaba a una estación de servicios ésta revisaba este sistema."

Como cuestión de derecho dicho tribunal concluyó:

"Entiende el Tribunal que la causa inmediata productora de este accidente fue una falla mecánica del vehículo en que viajaba el demandante y que la ocurrencia de esta falla mecánica no da base suficiente para hacer una conclusión de negligencia a base de lo dispuesto en el contenido, en el Artículo 1802 y siguientes del Código Civil. El Tribunal concluye, como cuestión de derecho, que la inferencia razonable respecto a la causa inmediata del accidente es la expresada sin que haya base en la prueba para hacer conclusiones que permitan hacer una determinación de una falta de diligencia u omisión de parte del conductor del vehículo, aquí demandado en este momento."

Fue errónea esta interpretación del derecho que gobierna los hechos de este caso.

■■■ No es aplicable en este caso la doctrina de súbita emergencia eximente de responsabilidad pues la súbita emergencia fue creada por el conductor del vehículo. Véanse *Jarabo* v. *Ramírez de Arellano*, 93 D.P.R. 709 (1966); *Banchs* v. *Colón*, 89 D.P.R. 481 (1963) y *Santos Rivera* v. *Quiñones de la Rosa*, 93 D.P.R. 491 (1966). La negligencia del conductor del vehículo consistió en un acto anterior generador del accidente. Si la polea del sistema mecánico del volante se rompió antes del accidente, la negligencia del dueño y conductor del vehículo consistió en la falta de la debida inspección del mismo. Si por el contrario dicha polea se rompió a causa del accidente al impactar el vehículo los muros, entonces los demandados serían responsables bajo la doctrina de *res ipsa loquitur*.(1) Como ello no afectará el resultado a que llegaremos, aceptamos que la polea se rompió antes de ocurrir

(1)*Padilla* v. *García de Quevedo*, 62 D.P.R. 800 (1944); *Cintrón* v. *A. Roig Sucrs.*, 74 D.P.R. 1028 (1953); *Ramos* v. *Autoridad de Fuentes Fluviales*, 86 D.P.R. 603 (1962).

el impacto según lo determinó el tribunal sentenciador y que debido a ello el conductor no pudo evitar el accidente.

■ El dueño y operador de un vehículo de motor tiene el deber de ejercer cuidado ordinario para que el vehículo esté en condiciones de razonable seguridad mecánica y adecuadamente equipado, según sostiene correctamente la parte recurrente. Entre esos deberes está el de ejercer cuidado razonable en la inspección del vehículo para descubrir defectos o averías que impidan su operación normal, dentro de un marco de razonable seguridad. De ahí que se le impute el conocimiento de defectos latentes o defectos que una inspección razonable hubiese descubierto. (²) Se ha resuelto que como es deber del operador de un vehículo de motor mantener el guía en condiciones de seguridad, se le ha considerado negligente cuando el guía ha estado gastado o suelto, *Collins* v. *Anderson*, 260 Pac. 1089; el guía se ha trancado, *Penton* v. *Favors*, 78 So.2d 278; una parte del mecanismo del guía estaba defectuoso; *Piper* v. *Hoagland*, 97 N.E.2d 605; el mecanismo que conecta el guía con la rueda estaba gastado y mal conservado. *Bathke* v. *Traverse City*, 13 N.W.2d 184; una tuerca que sujetaba parte del mecanismo se cayó, *Lonergan* v. *American R. Express Co.*, 144 N.E. 756.

En Puerto Rico hemos dictaminado que hubo negligencia del dueño y conductor de un vehículo de motor por el estado defectuoso de los frenos. *Jarabo* v. *Ramírez de Arellano*, supra; *Atiles Moreu, Admor.* v. *McClurg*, 87 D.P.R. 865 (1963); *Pueblo* v. *Bastián*, 71 D.P.R. 843 (1950); *Pueblo* v. *Calcaño*, 43 D.P.R. 62 (1932); *López* v. *Rexach*, 58 D.P.R. 143 (1948). También hemos considerado como un acto de negligencia, manejar un vehículo sin estar dotado de iluminación suficiente. *Pérez* v. *Santiago*, 56 D.P.R. 763 (1940).

(²) Véanse *Cruse* v. *Taylor*, 80 S.E.2d 704; *Fried* v. *Korn*, 134 N.E.2d 67; *Guile* v. *Snyder*, 263 S.W. 403; *Sothoron* v. *West*, 26 A.2d 16; *Delair* v. *McAdoo*, 188 Atl. 181; *Petersen* v. *Seattle Automobile Co.*, 271 Pac. 1001; *Dobb* v. *Stetzler*, 87 A.2d 208.

No tenemos duda de que el dueño y conductor del vehículo en el presente caso incurrió en negligencia al no someter a inspección el sistema de servoguía de dicho vehículo. Confió en que dicho sistema era inspeccionado por las estaciones de servicio, sin asegurarse de ello y confió además en que su vehículo era nuevo. Sin embargo a ese mismo vehículo nuevo, según el demandado, hubo que repararle los frenos cambiando sus bandas. Como consecuencia de la falta de una razonable inspección del sistema del volante, que es con el cual se gobierna la dirección del vehículo, el demandado lo conducía con una polea desgastada, o defectuosa, al extremo de que se rompió cuando el vehículo tomaba una curva.

Es previsible que los mecanismos de un vehículo de motor especialmente el sistema de frenos y el sistema mecánico del volante pueden dañarse. En previsión de esa eventualidad, es que los conductores deben someter sus vehículos a una razonable inspección para cerciorarse de que ofrecen razonable seguridad. El Art. 1058 del Código Civil (31 L.P.R.A. sec. 3022) preceptivo de que nadie responderá de aquellos sucesos que no hubieran podido preverse, o que previstos, fueran inevitables, no exime a los demandados de responsabilidad en este caso. Su deber de previsibilidad le imponía la obligación de inspeccionar los sistemas mecánicos del vehículo. Para ser responsable no tenía que prever el daño específico imputádole ni la forma precisa como ocurrió. *Ginés Meléndez v. Autoridad de Acueductos,* 86 D.P.R. 518 (1962).

Resuelto el aspecto de la responsabilidad de los demandados,(3) procede determinar los daños sufridos por el demandante.

---

(3) Sobre la responsabilidad de los fabricantes y agentes vendedores de automóviles y sobre lo que la ley asume garantizan implícitamente al comprador, véanse, entre otras autoridades, *Elmore* v. *American Motors,* 451 P.2d 84 (1969); *Ulmer* v. *Ford,* 452 P.2d 84 (1969); *Buttrick* v. *Lessard & Sons,* 260 A.2d 111 (1969); *Larsen* v. *General Motors Corp.,* 391 F.2d 495 (1968); *Mickle* v. *Blackmon,* 166 S.E.2d 173 (1969); *Evans* v.

■ El tribunal sentenciador concluyó que el demandante . . . "sufrió daños físicos en forma general que el Tribunal determina como fractura simple en el extremo del hueso radial de la muñeca izquierda y un golpe en la frente en la región izquierda de la cabeza. Que este demandante sufrió el tratamiento médico correspondiente en la fractura que incluyó el que tuviera en yeso todo el brazo izquierdo por espacio de seis semanas. Tuvo una complicación en la lesión que recibió en su brazo izquierdo consistente en una hematoma que requirió una intervención quirúrgica para eliminar coágulos en el brazo. Sufrió dolores intensos y aun persiste en su brazo izquierdo, en su muñeca izquierda, el dolor que siente cuando tiene que hacer fuerza o flexión en su mano izquierda."

A juicio del perito médico presentado por la parte demandada, el dolor en la muñeca izquierda del demandante persistía dos años después de sufrir el accidente y era impredecible el tiempo que el dolor persistiría.

Considerando todos estos hechos estimamos como justa y razonable compensación por los daños recibidos por el demandante la suma de Dos Mil Quinientos Dólares ($2,500.00).

*Se revocará la sentencia dictada por el Tribunal Superior y se dictará otra condenando a los demandados a pagar solidariamente al demandante, en concepto de daños y perjuicios la cantidad de Dos Mil Quinientos Dólares ($2,500.00) más las costas y Quinientos Dólares ($500.00) para honorarios de abogado.*

El Juez Presidente Señor Negrón Fernández, no intervino y el Juez Asociado Señor Ramírez Bages es de opinión que la indemnización debió ser de Cinco Mil Dólares ($5,000.00).

*General Motors*, 359 F.2d 822 (1966); Whitford, *Law and the Consumer Transaction: A case study of the Automobile Warranty*, 1968 Wisconsin L. Rev. No. 4, p. 1006; Prosser, *Strict Liability to the Consumer in California*, 18 Hastings L.J. 9 (1966).