CATALINA, IRIS DELIA, ANA LUISA, JOSEFINA, JUANITA, CARMEN LUISA y ÁNGEL LUIS MORALES SANTIAGO, por derecho propio; y DOÑA CARMEN SANTIAGO de por sí, y en representación de sus hijos menores de edad, ORQUIDALIA, CARMEN MILAGROS, MARIANITA, SYLVIA y JUAN ÁNGEL MORALES SANTIAGO, demandantes y recurridos, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO y MUNICIPIO DE BAYAMÓN, demandados y recurrentes.

*Número:* R-80-521      *Resuelto:* 30 de junio de 1981

*Pedro Toledo González*, de *Géigel, Silva, Irizarry & Toledo*, abogado de los recurrentes; *Ángel Lacomba Morales*, abogado de los recurridos.

## SENTENCIA

Ángel Luis Morales Santiago manejaba un vehículo *jeep* por un abrupto y estrecho camino municipal de un barrio de Bayamón. Le acompañaban cuatro personas. Al bajar una cuesta demasiado empinada, el *jeep* se quedó sin frenos. Desarrolló una mayor velocidad. La cuesta terminaba en una curva e inmediatamente comenzaba un trecho recto y llano con barrancos a cada lado.

El conductor pudo maniobrar hábilmente en la cuesta, pero al tomar la curva se aproximó demasiado a su mar-

gen izquierdo y el terreno cedió. El *jeep* se precipitó por el barranco. Uno de los pasajeros murió en el acto.

La viuda y herederos del causante, entre los cuales se hallaba el propio conductor del *jeep* accidentado, demandaron al Municipio de Bayamón y a su compañía aseguradora. Visto el caso en sus méritos, el tribunal de instancia declaró con lugar la demanda y condenó a los demandados a satisfacer a los demandantes la suma total de $62,400 por los daños y perjuicios sufridos. A la aseguradora codemandada la condenó a pagar $1,500 para honorarios de abogado, más las costas e intereses.

Accedimos a revisar.

Los recurrentes impugnan la determinación del tribunal de instancia en cuanto a cuál fue la causa próxima del accidente que dio margen a la acción radicada. Estamos convencidos de que, efectivamente, el tribunal de instancia se equivocó.

El accidente ocurrió en un camino vecinal que a la fecha de los hechos era de tierra y piedra en las alturas de Bayamón. Es uno de tantos caminos de nuestra ruralía que se internan por los lugares más escarpados y difíciles. Jamás fueron pensados para el tránsito vehicular y sí para la marcha a pie y a caballo. Es un camino tortuoso, de difíciles pendientes y escoltado en grandes trechos por barrancos de mucha profundidad. No tiene rótulos de precaución ni vallas protectoras. No se trata de una carretera en la acepción común y corriente que dicho término tiene en Puerto Rico. Se trata más bien de caminos que dan acceso a los vecinos de cierta área y no a vías principales de comunicación.

El perito presentado por los demandantes, que para la fecha del accidente era el Director del Departamento de Obras Públicas del Municipio de Bayamón, expresó que el municipio le daba mantenimiento al camino con una brigada asignada a esa área. En ocasiones se rellenaban los hoyos con tierra y piedra. A pesar de que el camino era

sumamente estrecho (tres metros), no podía ser ampliado porque la condición natural de ese camino en particular no lo permite, pues no hay espacio a ninguno de los lados.

El tribunal de instancia determinó que el accidente ocurrió luego de que el *jeep* hubiera salido de la cuesta y comenzara a transitar por el llano. El testimonio del conductor-demandante fue que el accidente ocurrió a los cuatro o cinco pies de la curva. La curva está al finalizar la cuesta y comenzar el llano. Es en ese lugar que el *jeep* se vuelca. Concluyó el tribunal que el accidente se debió a que una faja de terreno de aproximadamente treinta pulgadas de ancho y seis pies de largo cedió "bajo el peso de la goma izquierda delantera del jeep". El tribunal excluyó el defecto en los frenos del *jeep* como la causa inmediata del accidente y, por el contrario, expresó lo siguiente:

> La causa próxima del accidente fue el desprendimiento del borde del camino. El conductor del jeep demostró una pericia extraordinaria en el manejo del mismo y no hubiese ocurrido el accidente de no haberse desprendido el terreno. El Tribunal concluye que la pericia demostrada por el conductor manejando el jeep por la cuesta, sin frenos, era de tal naturaleza que lo capacitaba a manejar dicho jeep por el camino recto, sin que ocurriera en este sitio accidente de clase alguno [*sic*], excepto por el desprendimiento del terreno.

La prueba que tuvo ante sí el tribunal sentenciador no sostiene esa determinación. La evidencia establece que al bajar una cuesta sumamente empinada el vehículo ocupado por cinco personas se queda sin frenos, desarrollando como es natural una gran velocidad. El accidente ocurrió según declaró el conductor, que es demandante, a cuatro o cinco pies de la curva y la curva está donde finaliza la cuesta y comienza el llano. Es conveniente apuntar que en su testimonio el conductor, a la pregunta de su abogado, manifiesta:

> Lic. Lacomba: En este sitio en particular donde usted se fue es estrecho o recto?

Testigo: Sí, pero como vengo descontrolado es difícil tirar de un lado hacia otro, pero yo tenía el vehículo casi controlado.

No hay duda de que al quedarse sin frenos, el *jeep* desarrolló tal velocidad que hizo que el conductor perdiera el total dominio del volante y que, en consecuencia, se arrimara de tal forma a la orilla que el terreno cediera y el *jeep* se precipitara por el barranco.

Es norma reiterada que para poder imponer responsabilidad civil por daños y perjuicios es necesario que exista un nexo causal entre el evento culposo y el daño sufrido. *Valle* v. *Amer. Inter. Ins. Co.*, 108 D.P.R. 692, 698 (1979). Como dijimos en *Valle* "la relación causal puede interrumpirse (*causa interveniens*) por la irrupción de un tercero interviniente, pero en tal caso la inmisión de su acto debe ser consciente, intencional o antijurídica".

El desprendimiento del terreno no puede considerarse como causa interventora. La causa eficiente del daño fue la conducción de un vehículo sin freno por un lugar empinado y estrecho como lo es el lugar en que ocurrió el accidente. Hemos resuelto que el dueño y operador de un vehículo de motor responde de los daños que ocasione por el estado defectuoso de los frenos, *Jarabo* v. *Ramírez de Arellano*, 93 D.P.R. 709 (1966), u otros defectos mecánicos, *Rivera* v. *Rivera Rodríguez*, 98 D.P.R. 940 (1970) (sistema de dirección *servoguía*), y *Pérez* v. *Santiago*, 56 D.P.R. 763 (1940) (falta de iluminación suficiente). Véase, también, J. Santos Briz, *La Responsabilidad Civil-Derecho Sustantivo y Derecho Procesal*, Madrid, Ed. Montecorvo, 1977, pág. 463 (el fallo de la dirección o de los frenos no puede considerarse fuerza mayor).

Se revoca la sentencia recurrida.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Irizarry Yunqué emitió voto disidente al cual se une el Juez Asociado Señor Rigau.

—O—

Voto disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Asociado Señor Rigau.

San Juan, Puerto Rico, a 30 de junio de 1981

Convengo con la ponencia circulada que no está exento de responsabilidad en este caso el conductor del *jeep*. Pero es evidente que el vehículo no se hubiera volcado si, además, el terreno no hubiese cedido. El municipio demandado tenía la obligación de mantener en buen estado el camino, que no por ser vecinal deja de ser una vía pública. Acepto que muchos caminos en lugares escarpados de nuestra "ruralía" no se intentaran para tránsito vehicular y sí para marcha a pie y a caballo. Pero no podemos ignorar que vivimos en una época motorizada, siendo Puerto Rico uno de los países del mundo de más densidad vehicular, y que hoy día el *jeep* ha venido a sustituir al caballo como medio de transporte en nuestros campos. Este hecho no puede ser ignorado por los municipios.

Modificaría la sentencia recurrida a base de reconocer un cincuenta por ciento de responsabilidad a cada parte, es decir, al conductor del *jeep* y al municipio demandado.